## WALKER v. THE STATE.

1. The rule of law which requires corroboration of an accomplice before the accused can be convicted of a felony on his testimony has no application to one who, while jointly indicted with the accused, is not shown by the evidence to have been his accomplice or to have participated in any manner in the crime with which he is charged.

2. Where, on the trial of one indicted for murder, the accused in his statement set up the defense of alibi, but no evidence was introduced in support of such defense, it was not error for the court, in the absence of a written request, to fail to charge the law with reference thereto.

3. There was evidence to support the verdict; it was approved by the trial judge; and this court will not, under such circumstances, set the same aside.

Argued October 20,—Decided October 24, 1903.

Indictment for murder. Before Judge Lewis. Jefferson superior court July 28, 1903.

*Cain & Hardeman* and *James K. Hines*, for plaintiff in error.

*John C. Hart, attorney-general, B. T. Rawlings, solicitor-general,* and *R. L. Gamble,* contra.

CANDLER, J. The accused was tried in the superior court of Jefferson county, upon an indictment charging him, with others, with the offense of murder. He was found guilty, and sentenced, upon the recommendation of the jury, to life imprisonment; whereupon he made a motion for a new trial, which was overruled, and he excepted.

1. The only witness who claimed to have been present when the murder was committed was one Almo Timmons, who was under indictment for the same offense. Counsel for the accused, in the argument here, claimed that he was an accomplice in the murder, and that it was therefore necessary for the State to corroborate his testimony in order to convict the accused; and error is assigned upon the refusal of the court to charge this rule of law. It is also claimed that, because of the failure to corroborate the testimony of Timmons, the conviction of the accused was unwarranted. A careful examination of the record, however, fails to show that Timmons was an accomplice of the accused. If the truth of the case is as the State contends, he was at most only an accessory after the fact, and this court has held a number of times that an accessory after the fact is not, under our law, an accomplice. *Lowery* v. *State,* 72 *Ga.* 654; *Allen* v. *State,* 74 *Ga.* 769; *Springer* v.

*State,* 102 *Ga.* 452. It is immaterial, in determining whether or not Timmons was an accomplice, that he was jointly indicted with the accused as a principal in the first degree. *Bernhard* v. *State,* 76 *Ga.* 613. That was a matter that depended upon the evidence offered on the trial. All the evidence bearing upon Timmons' connection with the crime tended to show that, while he was present at its perpetration, he was not associated in any way with its commission, and did not know that a crime was contemplated until after it had been accomplished. In order to render one an accomplice of another, participation in the criminal acts and in the execution of a common criminal intent is necessary. *Springer* v. *State,* 102 *Ga.* 452, and cit. "Criminal intent is a necessary ingredient of crime, and is an essential to render one an accomplice. It follows that where this element is absent one is not an accomplice." 1 Am. & Eng. Enc. L. (2d ed.) 391. The line of the defense in this case was to impeach Timmons by disproving the statements made by him in his testimony ; and there was no evidence on either side showing any participation by him in the commission of the crime.

2. The accused offered evidence which tended to disprove the testimony of Timmons as to the presence at the scene of the killing of others besides himself and the accused. If this evidence was true, then a material portion of the testimony of Timmons was false, and he should not have been believed. The only effect of this evidence, however, was to discredit Timmons, and not to establish an alibi for the accused. There was no evidence showing that the accused was not present at the commission of the crime, and nothing in the record tending in that direction except the statement of the accused. The motion for a new trial complains that the court erred in failing to charge the law with reference to the defense of alibi. The court did charge the jury that they must believe beyond a reasonable doubt that the accused was present and participated in the commission of the crime charged, before they would be authorized to convict. If a more specific charge on the subject of alibi was wanted, it should have been requested in writing. In the absence of a written request, the trial judge is not required to charge upon any theory of the case which arises solely out of the statement of the accused. *Darby* v. *State,* 79 *Ga.* 63 ; *Irby* v. *State,* 95 *Ga.* 468 ; *Carroll* v. *State,*

*99 Ga.* 37; *Hardin* v. *State,* 107 *Ga.* 718; *Taylor* v. *State,* 108 *Ga.* 389.

3. There is no merit in the contention that the verdict was contrary to law and the evidence.   The evidence as to the guilt of the accused was conflicting, but was sufficient, if believed, to support his conviction.   A very severe attack was made upon the leading witness for the State, but his credibility was solely for the jury, who resolved the conflict against the accused.   If this witness was to be believed, the accused was guilty of a murder of peculiar atrocity, the sole object of which was robbery, and richly merited the extreme penalty of the law.   The jury saw the witnesses, and were in a far better position to reconcile conflicts in the testimony than we can possibly be.   It was the duty of the trial judge to carefully review their finding on motion for new trial.   He has approved this verdict, and this court, therefore, will not set it aside.   *Judgment affirmed.   All the Justices concur.*