## 12836. DeWITT *v.* THE STATE.

1. The offense of having in possession explosives or other instruments used in the commission of burglary, etc., as defined by the Act of 1910 (Park's Penal Code, § 183(a) ), was sufficiently charged in the indictment.
2. An indictment drawn under the act of 1910, *supra,* need not specify whether the alleged violation of the law occurred in daytime or at night.
3. The indictment was not subject to demurrer on the ground that it contained the generic terms " implements and things," and " other crime," without specifying the particular implements and things or naming the specific crime.
4. It is only where a case is wholly dependent on the law of circumstantial evidence that the trial judge is required to give in charge to the jury the law of circumstantial evidence.
5. Where there is no evidence that a witness for the State was an accomplice, the court is not bound to give in charge to the jury the provisions of the Penal Code (1910), § 1017, as to the necessity of corroboration, even though it be contended by the defendant that the witness was an accomplice.
6. The evidence is sufficient to support the verdict.

DECIDED NOVEMBER 17, 1921.

Indictment for having explosives with intent to commit burglary; from Floyd superior court — Judge Wright. August 4, 1921.

*Porter & Mebane,* for plaintiff in error.
*E. S. Taylor, solicitor-general, J. F. Kelly,* contra.

BLOODWORTH, J. The indictment in this case is based upon section 183 (a) of Park's Penal Code (Ga. L. 1910, p. 136), and is as follows: that the defendant, " feloniously and with force and arms, did unlawfully have in his possession an eight-ounce bottle containing about seven ounces of nitroglycerine, and eight dynamite caps with fuses attached to them, and six dynamite caps without fuses, and other explosives, and other implements and things adapted, designed, and commonly used for the commission of burglary, larceny, safe-cracking, and other crime, with the intent to use, employ, and allow the same to be used and employed in the commission of a crime · and did then and there know that the same were so intended to be used." To this indictment a general demurrer and special demurrers were filed.

These were overruled. Upon the trial the accused was convicted, he made a motion for a new trial, this was overruled, and he excepted.

1. The indictment with sufficient fullness and certainty sets out a crime, and the general demurrer thereto was properly overruled.

2. The second ground of the demurrer is as follows: " Because it is not alleged in said bill of indictment whether the defendant had in his possession said nitroglycerine, dynamite caps, explosives, and other implements adapted, designed, and used for the commission of burglary, larceny, safe-cracking, and other crimes in the day or nighttime." There is no merit in this ground of the demurrer. Where an act provides that it shall be unlawful for a person to have in his possession " in the day or nighttime " certain enumerated implements and things, the plain purpose of the act is to prevent any person from having these articles in his possession at any time, either in the day or in the night. As the punishment is the same whether the possession be in the day or in the nighttime, these words could well have been left out of the act. Had a different punishment been provided for having any of these implements or things in the day and having them in the night, then it would have been necessary to allege in the indictment the specific time, whether day or night, " in order to regulate the appropriate punishment for the particular offense." See *Wingard* v. *State,* 13 *Ga.* 400 (2); *Hinton* v. *State,* 68 *Ga.* 323.

3. The 3rd and 4th grounds of the demurrer will be discussed together. They are as follows: " Because said bill of indictment alleges that the defendant was in possession of other implements and things, adapted, designed, and commonly used for the commission of burglary, and so on, without alleging what the other implements and other things consisted of. That said bill of indictment should set forth of what said implements and other things consisted. That the terms ' implements and things ' is only a conclusion, and such description is indefinite. That because of said bill of indictment failing to set forth of what said implements and things consisted, the defendant cannot properly prepare his defense in said case." " Defendant demurs to the words in said bill of indictment, ' other crimes, ' and says

that said bill of indictment should set forth of what said other crimes consist. That the defendant cannot properly prepare his defense to said charge because he is not advised of what said other crimes consist. That the expression so used in said bill of indictment, 'other crimes,' is a conclusion of the pleader, and for said reason is demurrable."

The accused was charged with a statutory offense, and the indictment follows substantially the language of the statute. Section 954 of the Penal Code of 1910 provides that "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury." In *Stoner* v. *State,* 5 *Ga. App.* 716 (63 S. E. 602), this court held that "As a rule, it is sufficient in an indictment for a purely statutory offense to describe the offense in the words of the statute;" citing Penal Code, § 954; 1 Bish. Cr. Law, 359; 11 Enc. Pl. & Pr. 520. The Supreme Court, in *Glover* v. *State,* 126 *Ga.* 594 (55 S. E. 592), held: "An indictment which charges the offense defined by a legislative act in the language of the act, where the description of the acts alleged as constituting the offense is full enough to put the defendant on notice of the offense with which he is charged, is sufficiently specific." The indictment in this case not only follows substantially the language of the statute, but it is so plain that the nature of the offense charged may be easily understood by the jury, and is sufficiently full and specific to meet all the objects requiring particularity in setting out an offense enumerated by the Supreme Court in *Wingard* v. *State,* supra. The court did not err in overruling the 3d and 4th grounds of the demurrer. See, in this connection, *Barbour* v. *State,* 21 *Ga. App.* 243 (94 S. E. 272).

4. There was direct evidence to connect the defendant with the crime charged. "It is only where a case is wholly dependent upon the law of circumstantial evidence that the trial judge is required to give the law of circumstantial evidence." The indictment being supported by direct as well as circumstantial evidence, it was not erroneous for the court to fail to charge the law of circumstantial evidence. *Williamson* v. *State,* 22 *Ga. App.* 787 (97 S. E. 195), and cases cited.

5. There being in this case no evidence to authorize it, the court did not err " in failing to give in charge to the jury the law of accomplice and instruct the jury that it could not convict the defendant on the testimony of the accomplice unless the testimony of said accomplice was corroborated by other witnesses or other corroborating circumstances in the case." This is true even though the defendant contended that the witness was an accomplice. *Walker* v. *State,* 118 Ga. 34 (2) (44 S. E. 850). Where there is an accomplice but the State does not rely entirely upon his evidence to connect the accused with the offense, it is not incumbent upon the court, without request, to instruct the jury touching corroboration. *Robinson* v. *State,* 84 Ga. 674 (11 S. E. 544); *Cantrell* v. *State,* 141 Ga. 98 (3) (80 S. E. 649).

6. The evidence is amply sufficient to support the verdict, no error of law is shown to have been committed, the finding of the jury is approved by the presiding judge, and the motion for a new trial was properly overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*