### KEARCE *v.* THE STATE.

ATKINSON, J. Sandy Walker and Jim Thomas were jointly indicted for the murder of Cliff Kearce by striking him with a shotgun. Nim Kearce was charged in the same indictment as accessory before the fact to the same murder. It was alleged that though Nim Kearce was absent at the time the blow was inflicted, he procured, counseled, and commanded the principal defendants to commit the homicide. On a separate trial Nim Kearce was convicted on testimony delivered in part by Sandy Walker as a witness for the State, to the effect that witness committed the actual murder by procurement of the defendant Nim Kearce, who was absent at the time of the homicide. The jury recommended that he be punished by service in the penitentiary for life. The defendant's motion for a new trial was overruled, and he excepted. *Held:*

1. In view of corroborated and uncontradicted testimony of Sandy Walker as a witness for the State, to the effect that he committed the homicide without justification or mitigation, and the statement by the defendant before the jury that "he" (referring to Sandy Walker) "come up here and committed that murder—he said he did it, and I know it's so," the judge did not err in charging the jury: "Now Sandy Walker who testified in this case is the confessed murderer of Cliff Kearce, the deceased." The criticism of the charge is that it was expression of opinion on an element in the case required to be proved.

2. Whether a witness is an "accomplice" within the meaning of the exception in the Penal Code, § 1017, relating to the number of witnesses necessary to establish a fact, the test in general is "could the witness himself have been indicted for the offense either as principal or as accessory." *Springer* v. *State,* 102 *Ga.* 447 (30 S. E. 971); *Stone* v. *State,* 118 *Ga.* 705 (3) (45 S. E. 630, 98 Am. St. R. 145); *Montford* v. *State,* 144 *Ga.* 582 (87 S. E. 797). See also People v. Bright, 203 N. Y. 73 (96 N. E.

362, 26 Ann. Cas. 771); Levering *v.* Commonwealth, 132 Ky. 666 (117 S. W. 253, 136 Am. St. R. 192, 19 Ann. Cas. 140); 16 C. J. 670-1; 1 R. C. L. 156, section 2. In *Montford* v. *State*, supra, the judge charged the principle as applied to the facts of that case, but refused to charge it in the language requested; and it was held on review that in view of the charge it was not error to refuse the request.

3. If a person commits the crime of murder by procurement of another, though such other be absent at the time, the latter is an accessory before the fact, and both are conspirators with a common intent and design to commit a single crime, for which both may be indicted. Accordingly each is an accomplice with the other, under the principle announced in the preceding division. Under the authorities cited, the principle generally does not apply in this State to accessories after the fact, because separate crimes are involved. In this connection see *Baker* v. *State*, 121 *Ga.* 189 (48 S. E. 967); *Birdsong* v. *State*, 120 *Ga.* 850 (48 S. E. 329); *Walker* v. *State*, 118 *Ga.* 757 (45 S. E. 608).

4. Conviction of the defendant depended entirely on testimony of Sandy Walker, to the effect that defendant had procured him "to kill his brother" (the deceased) "and his wife, so him and Seaborn" (his son) "would get all they had." Upon this part of the case there was no testimony of other witnesses or proved circumstances sufficient to corroborate the testimony of the witness, though there was corroboration of his testimony as to other matters detailed by him.

5. The evidence was insufficient to support the verdict, and it was erroneous to refuse a new trial.

*Judgment reversed. Russell, C. J., Beck, P. J., and Gilbert, J., concur. Bell, J., dissents from the last two rulings.*

No. 9724. JANUARY 16, 1934.

*Perry & Perry* and *R. S. Foy,* for plaintiff in error.

*M. J. Yeomans, attorney-general, W. C. Forehand, solicitor-general, B. D. Murphy* and *J. T. Goree,* contra.