### 23458. LOWE *v.* THE STATE.

DECIDED JANUARY 12, 1935.

G. Stokes Walton, Orville A. Park Jr., Park & Strozier, for plaintiff in error.

Charles H. Garrett, solicitor-general, contra.

MACINTYRE, J. The questions for determination in this case are raised by the exception of the defendant to a judgment over-

ruling a demurrer to an indictment charging that on May 4, 1933, in Bibb County, Georgia, J. P. Lowe did "feloniously have in his possession a bottle containing about two ounces of nitroglycerine and six fuses for setting off dynamite, and one electric fuse for setting off dynamite, and one pair of rubber gloves, and one drift punch, all being implements, explosives, and things adapted and commonly used and designed for the commission of burglary, larceny, safe-cracking, and other crimes, with intent to use, employ, and allow the same to be used and employed in the commission of crime, and did then and there know that the same was so intended to be used, and the said defendant was heretofore indicted, tried, and convicted in the Criminal Court of Shelby County, Tennessee, on November 11th, 1927, of the felony offense of house breaking and burglary by the use of explosives and sentenced to the penitentiary for twenty-five years." Park's Penal Code (1914), § 183 (b), makes the crime a felony, and fixes the punishment at "imprisonment in the penitentiary for a term of not less then three nor more than ten years." The last part of the indictment, averring that the defendant was convicted of a felony in the State of Tennessee, was evidently designed to bring the case within section 1068 of that Code. The following is the answer of the Supreme Court to the question certified to it in this case: "The provisions of section 1068 of the Penal Code of 1910, that 'If any person, who has been convicted of an offense and sentenced to confinement and labor in the penitentiary, shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted,' are not applicable in a case where the defendant is convicted of a crime punishable by confinement and labor in the penitentiary, and where he has previously been convicted in another State of an offense and sentenced to confinement and labor in the penitentiary of that State." Under the foregoing answer of the Supreme Court to the certified question propounded by this court, the conviction of the defendant for a felony in the State of Tennessee had no place in the indictment under consideration, and the trial judge erred in overruling the demurrer raising that question.

The foregoing ruling is controlling in this case, but since it is probable that the defendant will be tried again, we shall pass briefly

upon the remaining grounds of the demurrer. In order that this may be done intelligently we shall first quote the statute under which the indictment was drawn. It is as follows: "It shall be unlawful for any person to make or mend, or cause to be made or mended, or to have in his possession in the day or nighttime, any engine, machine, jimmy, tool, false key, pick-lock, bit nippers, nitroglycerine, dynamite cap, dynamite, or other explosive fuse, steel wedges, drills, tap-pins, or other implements or things adapted, designed, or commonly used for the commission of burglary, larceny, safe-cracking, or other crime, with the intent to use or employ or allow the same to be used or employed in the commission of a crime, or knowing that the same are intended to be so used." Park's Penal Code (1914), § 183(a). "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury." Penal Code (1910), § 954. "An indictment which charges the offense defined by the legislative act in the language of the act, where the description of the acts alleged as constituting the offense is full enough to put the defendant on notice of the offense with which he is charged, is sufficiently specific." *Glover* v. *State,* 126 *Ga.* 594 (55 S. E. 592). The foregoing general rules were applied in the case of *DeWitt* v. *State,* 27 *Ga. App.* 644 (109 S. E. 681), where this court held that the trial judge did not err in overruling a general demurrer and certain special grounds of demurrer to an indictment very similar to the one in the case at bar. Without discussing the *DeWitt* case in detail, we shall say that the rulings there made control in principle many of the questions presented by the demurrer in this case.

■ There is no merit in the first paragraph of the demurrer which avers that "no crime or offense under the laws of the State of Georgia is charged."

■ Our ruling in the first division of this opinion makes it unnecessary to consider the second paragraph of the demurrer, wherein it is averred that the "conviction and sentence in the State of Tennessee are not alleged to be in any way connected with the crime charged," and that the courts of Georgia have no jurisdiction "to try a defendant for any crime committed in the State of Tennessee."

■ The third paragraph of the demurrer attacks the following part of the indictment: "six fuses for setting off dynamite, and one electric fuse for setting off dynamite," because the phrase "for setting off dynamite" is a mere conclusion of the pleader, and "said portion of the indictment" is "too vague and indefinite to put defendant on notice of what he is accused of having in his possession, or the kind of fuses he is charged to have had in his possession . . " Read in connection with the rest of the indictment, the part here attacked is not subject to the criticisms contained in this paragraph of the demurrer.

The fourth paragraph of the demurrer attacks the phrase "one pair of rubber gloves," because the description did not sufficiently notify the defendant of "what particular gloves he is charged with having in his possession, and because the possession of rubber gloves is not shown to be criminal, illegal, or contrary to any law of the State of Georgia." This ground of the demurrer is not meritorious.

The fifth paragraph of the demurrer avers that the phrase "one drift punch" is insufficient to put the defendant on notice of "what drift punch he is charged to have had in his possession;" that the possession of a drift punch is not shown to be criminal or contrary to law; and that "no facts are alleged to show what a drift punch is, or what defendant is charged with having in his possession." Considering "drift punch" in connection with the other parts of the indictment, there is no merit in this paragraph of the demurrer.

In the sixth paragraph of the demurrer, the plaintiff in error demurred to the following portion of the indictment: "all being implements, explosives, and things adapted and commonly used and designed for the commission of burglary, larceny, safe-cracking, and other crimes," because "the same is a mere conclusion . and because the defendant is not charged . . with the commission of burglary, larceny, safe-cracking, or other crime, and is not charged with adapting, using or designing nitroglycerine, fuses, gloves, or drift punch for the commission of burglary, larceny, safe-cracking, or other crime." This ground of the demurrer is not meritorious, and the court properly overruled it.

The seventh paragraph of the demurrer is as follows: "specially to the following portion of the indictment [charging possession of articles named] 'with intent to use, employ, and allow

the same to be used and employed in the commission of crime,' because the same is vague, indefinite, and a mere conclusion . . , and because it does not appear with what crime defendant intended to use, employ and allow the same to be used and employed, and because it does not appear that the articles named were to be used, employed, or allowed to be used and employed in the commission of any crime, and because it does not appear who defendant intended to allow to use and employ said articles in the commission of crime." This ground of the demurrer was properly overruled.

The eighth paragraph of the demurrer attacking the phrase "and did then and there know that the same was so intended to be used," because "the same is a mere conclusion . . and because it does not appear who intended so to use and employ said articles in the commission of crime, or what crime was intended to be committed with said articles, or that any crime was intended to be committed, or what defendant intended, or how he knew the same were so intended to be used, or what defendant knew," is not meritorious.

The ninth paragraph of the demurrer presents the question which, because of its importance, was certified to the Supreme Court and first passed upon in this case, and the conclusion reached upon that question makes further reference to this, the last paragraph, of the demurrer, unnecessary.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*