## MACK *v.* THE STATE.

No. 12122. JANUARY 19, 1938.

*J. Robert Elliott* and *George P. Munro,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Walker R. Flournoy* and *Hubert Calhoun, solicitors-general,* and *Ellis G. Arnall,* contra.

BELL, Justice. Arthur Perry and Arthur Mack were jointly indicted for murder in the alleged killing of Charlie R. Helton. The defendants were tried separately, and each was convicted. Their motions for new trial were overruled, and each excepted. The evidence was substantially the same in each case, and the same questions are presented for decision, except that in *Mack* v. *State,* the case here under consideration, one additional question was raised.

In *Perry* v. *State,* ante, 408 (195 S. E. 175), the judgment refusing a new trial was reversed because of the court's omission to instruct the jury on the law of voluntary manslaughter and of justifiable homicide. For the same reasons the judge erred in refusing a new trial in the instant case, the cases being substantially the same to this extent.

The additional question presented in the case of Mack is whether there was evidence to warrant a charge to the jury on the subject of conspiracy; the court having given a charge upon that

subject, which the defendant assigned as error in his motion for new trial, on the ground that there was no evidence of a conspiracy between the defendants to kill the deceased. On this question we refer to the report in the case of Perry, where most of the facts common to both cases are stated. The evidence further showed that just before the homicide Mack was heard to inquire of Perry whether he had his knife, and then to say, "Let's go back down there." There was other evidence, the import of which should not be overlooked, in this connection. We refer to certain utterances by the deceased, some of which could have been considered as a part of the res gestæ, and others as dying declarations. Ben Mc-Murray testified that just as the last shot was fired the deceased called to him, "Boy, Boy, don't let them kill me; don't let them kill me." He stated to police officers, "They got me," and "They have got my pistol." Attention is called to the plural words "them" and "they" in these statements. There was evidence that the defendant Perry stabbed the deceased a number of times with a knife, and that this occurred in the immediate presence of Arthur Mack and while they were all upon the floor or ground together. The deceased made no distinction between them in such brief statements as he made at the time of the difficulty and afterward. A conspiracy may be shown by circumstantial as well as direct evidence. *McLeroy v. State,* 125 *Ga.* 240 (2) (54 S. E. 125); *Weaver v. State,* 135 *Ga.* 317 (69 S. E. 488). In the instant case there was sufficient evidence to warrant the charge on that subject.

For the reason indicated in division 1, the judge erred in refusing a new trial.

*Judgment reversed. All the Justices concur, except Jenkins, J., who dissents.*

RUSSELL, Chief Justice, concurring specially. I concur in the judgment of reversal on the ground stated in the first division; but I am also of the opinion that the charge on conspiracy was erroneous, for the reason that there was no sufficient evidence to authorize it.

JENKINS, Justice, dissenting. I agree to the conclusion reached in paragraph 2 of the syllabus; but I dissent from the conclusion in paragraph 1, for the reasons stated in my dissent in *Perry v. State,* 185 *Ga.* 408 (195 S. E. 175).