## MILLS *v.* THE STATE.

No. 13899.   November 12, 1941.

*M. W. Eason* and *P. M. Anderson,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, R. L. Dawson, solicitor-general, E. J. Clower* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

ATKINSON, Presiding Justice. ■ The first and fifth special grounds of the motion for a new trial, relating to alleged newly discovered evidence, failed to show that by ordinary diligence the evidence could not have been discovered before verdict, or that it was of such character as would probably produce a different result on another trial. Code, §§ 70-204, 70-205. It will not suffice to allege merely that the evidence could not have been discovered by ordinary diligence. *Douberly* v. *State,* 184 *Ga.* 573 (7) (192 S. E. 223), and cit.

■ A conspiracy may be shown by circumstantial as well as direct evidence. *McLeroy* v. *State,* 125 *Ga.* 240 (2) (54 S. E. 125); *Weaver* v. *State,* 135 *Ga.* 317 (69 S. E. 488); *Mack* v. *State,* 185 *Ga.* 415, 416 (195 S. E. 179).

■ "An accomplice is one who is present at the commission of a crime, aiding and abetting the perpetrator, or who could be convicted of the crime as an accessory before the fact." *Street* v. *State,* 179 *Ga.* 636 (176 S. E. 632); *Birdsong* v. *State,* 120 *Ga.* 850 (48 S. E. 329); *Baker* v. *State,* 121 *Ga.* 189 (2) (48 S. E. 967); *Lanier* v. *State,* 187 *Ga.* 534, 541 (1 S. E. 2d, 405).

(*a*) The evidence was sufficient to show that the witness George Turner was an accomplice, on the theory that he participated in the crime as an accessory before the fact.

(*b*) The evidence did not show that the witness Elton Purcell was an accomplice. If he was an accessory after the fact, that would not suffice to make him an accomplice within the meaning of the Code, § 38-121. *Allen* v. *State,* 74 *Ga.* 769; *Springer* v. *State,* 102 *Ga.* 447; *Kearce* v. *State,* 178 *Ga.* 220 (3) (172 S. E. 643).

(*c*) The evidence was sufficient corroboration, within the meaning of the above-cited Code section, of the testimony of the accomplice George Turner.

(*d*) The evidence, though circumstantial, was sufficient to authorize the judge to give in charge to the jury the law of conspiracy as complained of in the third and fourth special grounds of the motion for a new trial.

■ The court allowed the attorneys for the defendant, on direct examination of a witness introduced by them, to elicit from the witness testimony that the general reputation of the defendant was good, but refused to allow the attorneys to enlarge on the subject by asking the witness, "if he knows how the best people in the community in which he lives treat him, whether they are his neighbors or not, whether he visit with them and they with him, and whether they associate generally together with him on an equality with other good people in the community," to which it was stated that the witness was expected "to answer that he associates with the best people of the community and the best people associate with him, intermingle with him and visit him and he visits them, and they treat him as a man of good character." There was no error, as

complained of in the second special ground of the motion for a new trial, in refusing to allow the question to be answered.

■ Ground 6 of the motion for a new trial complains that Hoyt Sikes, one of the jurors who tried the case, was related within the prohibited degree to W. H. Hodges, who had "contributed money to a fund which was raised for the purpose of employing" an attorney to aid the solicitor-general in the prosecution of the case; that the said attorney was so employed, and did so aid in the prosecution. A part of this ground of the motion was an affidavit by Hodges, deposing that "when a collection was being taken in the City of Collins [where the homicide occurred] to raise funds to pay an attorney to aid in the prosecution of said case, deponent donated the sum of fifty cents." There was no other evidence as to contribution by Hodges. *Held,* that the affidavit so made by Hodges as quoted above, in failing as it did to show to whom the sum was paid or the actual use that was made of it, was too general and indefinite to show that the sum was in fact used to employ an attorney, so as to make the attorney who aided in the prosecution the representative of deponent, and thus render deponent a volunteer prosecutor. The affidavit is merely opinionative and hearsay as to the purpose for which the "collection was being taken." In such case it is not enough to show interest by such person, but it must appear as a matter of fact that the person became a volunteer prosecutor by use of his contribution to employ an attorney. Unless there was such use, the attorney would not become the agent or representative of the person, so as to render the latter a volunteer prosecutor. The present case differs from *Lyens* v. *State,* 133 *Ga.* 587 (4) (66 S. E. 792), in which it was conceded in open court that the money representing the contribution was actually paid by the contributor and was used in part to pay the fee of the attorney employed to prosecute the case. The question there was as to the legal disqualification of a juror who was related to such contributor, the contribution and employment both being conceded.

■ The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*