30358.   TAYLOR *v.* THE STATE.

Decided January 22, 1944.

528

*W. B. Mitchell,* for plaintiff in error.

*Frank B. Willingham, solicitor-general,* contra.

GARDNER, J.   Since the special grounds and the general grounds are so related, we will deal with the special grounds first.

Special ground 1 assigns error because the court charged the law of principal in the first and second degree as contained in the Code, § 26-501.   There are three criticisms lodged against this charge: (a) that the evidence did not authorize the charge as to a principal in the second degree; (b) that it authorized the jury to convict the defendant if he was "near the place" where the crime was alleged to have been committed; (c) that the charge confused the jury, in that it was calculated to make them believe that if the defendant came nearby the place where the alleged crime was committed they would be authorized to convict him as a principal in the second degree, when in fact there was no evidence which would authorize them to find that he was keeping watch.   Under the evidence of James Colbert, which we have mentioned more particularly in the facts, and the whole setting of the case, including the statement of the defendant, and the evidence of Rance Colbert, sworn in behalf of the defendant, the charge was not error, but to the contrary was authorized.   There is no merit in this contention.

Special ground 2 assigns error for the reason that the court failed to charge: "That the testimony of an accomplice alone is not sufficient to convict, but such testimony would have to be corroborated

by other testimony, or by other facts and circumstances." The criticism is that the omission to charge as indicated authorized the jury to convict the defendant upon the testimony of an accomplice alone. "An accomplice is one who is present at the commission of the crime, aiding and abetting the perpetrator. 'Criminal intent is a necessary ingredient of crime, and is an essential to render one an accomplice.' Applying these principles of law to the facts of the present case, there was no witness for the State who was an accomplice in the commission of the crime charged against the accused; and it was not error for the court to fail to charge 'the law relating to conviction upon the evidence of an accomplice.' *Birdsong* v. *State,* 120 *Ga.* 850, 854 (48 S. E. 329) ; *Walker* v. *State,* 118 *Ga.* 757 (45 S. E. 608), and cit." *Baker* v. *State,* 121 *Ga.* 189 (2) (48 S. E. 967). "Participation in the commission of the same criminal act and in the execution of a common criminal intent is necessary to render one criminal, in a legal sense, an accomplice of another." *Hargrove* v. *State,* 125 *Ga.* 270, 273 (54 S. E. 164). See in this connection, *DeWitt* v. *State,* 27 *Ga. App.* 644 (5) (109 S. E. 681). Under the record in this case the evidence is not sufficient to authorize an inference that James Colbert participated in the commission of the same criminal act with a common criminal intent. The facts overwhelmingly refute such an inference. There is no merit in this ground.

As to the general grounds, it is our opinion that the evidence was sufficient to sustain the verdict. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*