## 31303. WIGGINS v. THE STATE.

DECIDED SEPTEMBER 12, 1946.

*W. G. Neville,* for plaintiff in error.
*Fred T. Lanier, Solicitor-General,* contra.

MACINTYRE, J.  ■  The indictment in this case charged George Wiggins with the offense of assault with intent to murder by shooting John Mixon with a shotgun. The jury found the defendant guilty of unlawfully shooting at another. The exception is to the overruling of the defendant's motion for a new trial, containing the general grounds and a single special ground complaining that the court failed to charge the law of circumstantial evidence. Harry

Pryor testified positively: "George [Wiggins, the defendant] shot him [John Mixon, the prosecutor] in the back. He shot him with a shotgun, twelve-guage shotgun. George was in the back of the car. . . George was the one that shot John as John was going back in the house. George and I are brothers-in-law." The defendant contends: "The direct evidence quoted above contains nothing more than a blank statement on the part of the witness that George Wiggins shot John Mixon. He does not testify that he saw the shooting, and neither does he explain in any way how he knew that Wiggins did the shooting." Under the direct testimony of Harry Pryor quoted above, he is presumed to have testified from his own knowledge that the defendant shot the prosecutor from behind, and his testimony does not affirmatively disclose that he really did not see, and know from his own personal knowledge, that the defendant shot the prosecutor. It is only where a case is wholly dependent on the law of circumstantial evidence that the trial judge is required to give in charge to the jury the law of circumstantial evidence. Hence, the judge did not err in failing to charge on circumstantial evidence in the instant case. *Reaves* v. *Columbus Electric &c. Co.*, 32 *Ga. App.* 140 (5) (122 S. E. 824); *DeWitt* v. *State*, 27 *Ga. App.* 644 (4) (109 S. E. 681).

The evidence supports the verdict finding the defendant guilty of unlawfully shooting at another.

*Judgment affirmed.* *Broyles, C. J., and Gardner, J., concur.*