### BIRDSONG *v.* THE STATE.

1. In a case of receiving stolen goods, the principal thief is not an accomplice of the receiver of the goods within the meaning of the Penal Code, § 991, providing that an accused person may not be convicted on the uncorroborated evidence of an accomplice.

2. It is not cause for a new trial, in a criminal case, that the panel from which the jury was selected was the same panel from which had previously been chosen a jury which convicted a brother of the accused upon evidence of the same witness relied upon to convict the accused, no objection having been made to the panel before going to trial.

3. On the trial of one indicted for receiving stolen goods, it is not error to charge, in effect, that guilty knowledge is essential to a conviction of the accused, but that such knowledge may be inferred from circumstances which would, in the opinion of the jury, lead a reasonable man to believe that the goods were stolen.

4. The charge as a whole was fair and explicit; the evidence fully warranted the verdict, and it was not error to overrule the motion for a new trial.

Submitted July 19, — Decided August 9, 1904.

Indictment for receiving stolen goods.   Before Judge Felton,
Bibb superior court.   June 7, 1904.

*John R. Cooper* and *T. J. Cochran*, for plaintiff in error.
*William Brunson, solicitor-general*, contra.

CANDLER, J.  The accused was convicted, in Bibb superior court,
of the offense of unlawfully buying and receiving stolen goods
knowing them to have been stolen.   He made a motion for a
new trial, which was overruled, and he excepted.

1.  It is contended that the court erred in failing to charge the
jury the provisions of the Penal Code, § 991, to the effect that
the accused could not be convicted on the unsupported and un-
corroborated testimony of an accomplice.   It was urged that such
a charge was applicable in this case, for the reason that the prin-
cipal witness relied upon by the State, one Johnson, confessed
to having stolen the property which it was charged the accused
received, and that therefore he was in law an accomplice of the
accused.   The indictment charged that the goods in question
were stolen by two persons, Johnson and Tolliver, and on the
trial the State proved that both had been convicted.   Johnson
was then placed upon the stand, and testified to every fact neces-
sary to make out a case of receiving stolen goods against Bird-
song, the accused in the present case.   His testimony was cor-
roborated by a number of proved facts and circumstances; but
under the decision of this court in the case of *Springer* v. *State*,
102 *Ga.* 447, it was not necessary to the conviction of the
accused that Johnson's testimony should have been corroborated.
In the case cited it was ruled that an accomplice is one who is
associated with others in the commission of a crime, all being
principals.   "Participation in the commission of the same crim-
inal act and in the execution of a common criminal intent is
necessary to render one criminal, in a legal sense, an accom-
plice of another, and if between two persons who may be engaged
in a criminal enterprise, in the execution of which two separate
offenses may be committed, there is not this concurrence of act
and intent, though each may commit a crime, neither is, in legal
contemplation, an accomplice with the other."   In *Lowery* v. *State*,
72 *Ga.* 649, and in *Allen* v. *State*, 74 *Ga.* 769, it was ruled that
although a witness may be accessory after the fact, he is not an

accomplice within the meaning of our statute providing that no conviction can be had in any case of felony upon the uncorroborated testimony of an accomplice.    In the *Springer* case, supra, Mr. Justice Fish cited a number of authorities in support of the ruling made, and we deem it sufficient to conclude the discussion on this branch of the case by merely referring to the convincing opinion there delivered.

2. It is also complained that " the court erred in putting the defendant D. L. Birdsong upon trial before the same panel of jurors, consisting of forty-eight men, from which panel the jury had been selected and had already tried and convicted his brother, on the testimony of Will Johnson, of the offense of receiving stolen goods knowing them to have been stolen."    It is urged that "it was error to put the same panel of jurors upon the prisoner that had convicted his brother for the same character of offense," and that the accused "did not have the fair and impartial trial that he was entitled to under the laws of his country," as "the jury could not have been free from prejudice and bias."    It does not appear that the accused raised any objection to the panel at the time that it was put upon him.    If for any reason it was improper to select a jury from the panel in court, the accused should have made known his objections before going to trial.    Having failed to do this, and having voluntarily gone to trial before a jury selected from the panel put upon him, he will not be heard after conviction to urge that the panel was an improper one.    Aside from this, however, we fail to see any legal reason why a juror who has tried and convicted one man may not serve on a jury to try his brother for a similar offense under a different indictment, the witness relied upon to convict the accused being the same one upon whose testimony the conviction of the first was based.    It is easy to see why counsel for the accused might object to a juror upon the ground that he had seen fit to credit the testimony of the witness who would be relied upon to convict his client; but that is a mattter which goes merely to the liberty allowed counsel in striking the jury.    It in no way affects the competency of the juror to serve.

3. Error is also assigned upon the following charge of the court: "Knowledge being of the essence of the offense, and un-

less there be a guilty knowledge there can be no conviction, that knowledge in many instances must be determined by the jury, and must be determined and deducible by the jury from the conduct and behavior of the party from the receiver and of the principal thief, where the principal thief is guilty of that conduct in the presence of and with the receiver of the goods; the character of the person from whom they are received, the hour and time when they are received, the character of the goods, the quantity of the goods, the price at which they are sold; all of those are matters that the jury are authorized to consider in order to determine the question, which is the material question in the case, did the defendant buy and receive these goods under such circumstances as would cause him reasonably to believe that the goods were stolen? If they were received under such circumstances as would cause him to reasonably believe that the goods were stolen, then, under the law, you would be authorized to convict the defendant of the offense of receiving stolen goods." This charge is assigned as error "for the reason that the jury ought to be satisfied of the guilt of the defendant beyond a reasonable doubt, before they are authorized to convict." We see no error in the charge quoted. It is fully sustained by the decisions of this court in *Licette* v. *State*, 75 *Ga.* 256, and *Cobb* v. *State*, 76 *Ga.* 666. As was said in the *Cobb* case: "Circumstances may convict of the defendant's knowledge, as well as actual and direct proof. Indeed, it is rare that knowledge can be brought home to the receiver of cotton or other goods stolen by somebody who knows what the receiver knew touching the fact that they were stolen. The circumstances, the time, the secrecy, all the transactions before, at the time and afterwards, may be brought to bear upon what was the knowledge of the receiver; and if from all these the jury can conclude that the receiver did have good reason, as a reasonable person, to believe or suspect that the goods were stolen, they may well conclude, if he did not inquire and investigate before he received them, that he had knowledge, such as the law will charge him with, of the character of the goods and of the person from whom he received, as one who had stolen them." As the court below very aptly charged, knowledge is of the essence of the offense, and unless there be a guilty knowledge there can be no conviction. Again quoting from the *Cobb* case, supra, "Knowledge may

well be deduced from conduct and behavior, the character of the person from whom received, and the kind of goods, and the hour when received."

4. A careful reading of the entire charge shows that it was a model of clearness and fairness, and an intelligent jury could not have been misled by it as to the principles by which they were to determine the guilt or innocence of the accused. As already indicated, the evidence introduced by the State fully authorized the verdict of guilty, and it follows that for none of the reasons assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*