25407. RIDLEY *v.* THE STATE.

Decided April 7, 1936.

*J. W. Barnett, L. T. Gillen,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.

Guerry, J.  The indictment charged that the defendant, with a pistol, the same being a weapon likely to produce death, did make an assault upon the prosecutor and did shoot him, etc.  The evidence supports this charge.  Complaint is made by the defendant that the judge failed to charge the jury on the law with respect to assault or battery.  It is true that, under the rule that the greater crime includes the less, it is the duty of the judge to instruct the jury as to the principles of law applicable to the lesser offense, and that the defendant may be convicted thereof if the jury is of the opinion that he is guilty of such lesser grade of the same generic offense.  "This general rule is to be qualified to the extent that the lesser offense must either necessarily be included in the greater by a charge in the indictment, or, if it may or may not be, then the averments in the indictment describing the manner in which the greater offense was committed must contain allegations essential to describe the lesser offense."  *Fields* v. *State*, 2 *Ga. App.* 41 (58 S. E. 327).  In *Bard* v. *State*, 55 *Ga.* 319, it was said: "Where a bill of indictment properly charges the defendant with an assault with intent to murder, and alleges such striking and wounding as would support a verdict for assault and battery, a verdict for an assault will be sustained, though the assault, as a separate offense, be not charged to have been unlawfully committed, and the judgment will not be arrested."  See also *Trowbridge* v. *State*, 74 *Ga.* 431; *Goldin* v. *State*, 104 *Ga.* 549, 551 (30 S. E. 749); *Franklin* v. *State*, 85 *Ga.* 570, 573 (11 S. E. 876).  In *Clark* v. *State*, 12 *Ga.* 350, it was said: "On the trial of a defendant indicted for an assault with intent to murder, he may be found guilty of an assault

and battery, *where the battery is alleged in the indictment."* (Italics ours.) In an indictment for assault with intent to murder by shooting with a gun or pistol the offense of shooting at another is generally involved. *Hawks* v. *State, 51 Ga. App.* 317 (180 S. E. 363). Likewise an indictment for such offense with a knife or other like instrument generally involves the lesser offense of stabbing. Where the charge is assault with intent to murder with a stick or other blunt weapon, the indictment contains allegations covering the offense of assault and assault and battery. No assault or battery is charged, where it is alleged that the defendant shot his victim with a pistol, a weapon likely to produce death, with intent to kill. While the prosecutor in this case does testify that the defendant struck him with his hands before he shot him, no such beating is alleged in the indictment, and no verdict could be predicated on facts not sustained by allegations of the indictment.

The evidence amply supports the verdict finding defendant guilty of shooting at another, and it was not error to omit to charge on assault or on battery. The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*