### 30168. VON SPRECKEN *v.* THE STATE.

DECIDED NOVEMBER 30, 1943.

*Henry G. Howard, Hammond, Kennedy & Yow, Jeff D. Curry,* for plaintiff in error.

*George Hains, solicitor-general, Maud Saunders,* contra.

BROYLES, C. J. The defendant was indicted for a felony (receiving stolen automobile tires and tubes of the value of $68, with the knowledge at the time he received them that they were stolen), and was convicted of a misdemeanor (receiving stolen goods of less value than $50). The undisputed evidence showed that the property was stolen by James McFadden and that he had pleaded guilty,

and had been convicted of burglary and larceny from the house of said goods, and that the defendant had bought the goods from McFadden, paying him $55 for them. The only question in the defendant's trial was whether he knew at the time he received the goods that they had been stolen. He admitted that he bought them from McFadden, but denied that he knew they were stolen, and introduced many witnesses who testified to his honesty and good character.

A special ground of the motion for new trial excepts to the following excerpt from the charge: "I charge you, gentlemen of the jury, if you believe beyond a reasonable doubt that this defendant bought or received the goods set out and described in the bill of indictment in the way and manner that it is alleged and described in this indictment they were taken; and if you believe they were stolen and that this defendant knew at the time he received them, that they were stolen, *or if the circumstances were such as to lead a reasonable man to believe that they were stolen, then he would be guilty of the crime charged in this bill of indictment."* (Italics ours.) The portion of the charge in italics was assigned as error, "in that it stated an erroneous principle of law to the jury upon the material issue in the case, it being the law that before an accused could be found guilty of receiving stolen goods, it must be shown that he knew when he received them that they were stolen; that said charge set up an incorrect standard for determining the guilt or innocence of the accused, in that it authorized and directed the jury to find this defendant guilty if the circumstances under which he received the goods were such as to lead a reasonable man to believe they were stolen, even though in point of fact movant did not have a guilty knowledge of the fact that they were stolen when he received them." The ground further alleged "that the effect of the charge was to conclusively presume the defendant guilty if the jury should find that a reasonable man would have had knowledge from the circumstances that the goods were stolen, without regard to whether the defendant himself knew they were stolen and without regard to whether the defendant was a reasonable man." The indictment in this case was drawn under the Code, § 26-2620, which reads: "If any person shall buy or receive any goods, chattels, money, or other effects that shall have been stolen or feloniously taken from another, knowing the same to be stolen or feloni-

ously taken, such person shall be an accessory after the fact, and shall receive the same punishment as would be inflicted on the person convicted of having stolen or feloniously taken the property." It thus appears that before one can be convicted of receiving stolen goods it must appear from the evidence that he *knew* the property was stolen when he received it. It is true that the jury in determining whether a defendant had such knowledge can consider all of the evidence, direct and circumstantial, tending to show such knowledge. They might, in passing on the question whether he had such knowledge, consider whether under all the circumstances of the case *he, the defendant,* as a reasonable man, knew that the goods were stolen, but before he could be convicted the jury must definitely find that *he knew* that they were stolen when he received them. In State *v.* Hamilton, 166 S. C. 274 (164 S. E. 639), a quite similar charge was held as error, the court saying: "Under an indictment charging a person with receiving stolen goods, knowing them to have been stolen, it is not a question of what effect the circumstances under which the goods were received would have upon the mind of a person of ordinary reason, judgment and prudence, but the question to be answered is, What effect did such circumstances have upon the mind of the person receiving the goods? In the case at bar the question to be submitted to the jury was, Did the defendant Jake N. Hamilton receive the goods in question under such circumstances that he knew they were stolen, if they were stolen? It was not what a person of ordinary reason and judgment would have thought or what conclusion such person would have reached under the circumstances." In Pounds *v.* United States, 265 Fed. 242 (4), the court said: "On trial of defendant, charged with having possession of stolen property knowing that it was stolen, an instruction that, if he received it under circumstances that would lead a reasonable and prudent man to believe that it was stolen, the jury were justified in finding that he had such knowledge, *held* erroneous." In Peterson *v.* United States, 213 Fed. 920 (where a somewhat similar charge was held to be error), the court said: "Congress [in passing the statute] used the word 'knowing,' and defined the crime as the purchase of stolen property by one having knowledge of the theft. It might have denounced as a crime the receipt of stolen property under conditions sufficient to create a suspicion in the mind of a reasonable man,

but it did not do so. The gist of the offense is the actual state of the defendant's mind when he purchases the property, and not what, under like circumstances, might be the state of mind of some other person; the standard by which guilty knowledge is to be imputed is the defendant's mental attitude, and not that of the imaginary average man. . . The ultimate fact which the jury must find before a conviction is warranted is that the defendant had such knowledge; and knowledge is something more than a suspicion. Moreover, circumstances which would create a strong suspicion in the mind of one man might have little significance for another, and one is not to be convicted of a crime because he is of a less suspicious nature than the ordinary man, and where, therefore, he may have acted in entire good faith in the face of conditions which might have put another upon his guard." To the same effect, see State v. Rountree, 80 S. C. 387 (61 S. E. 1072); State v. Daniels, 80 S. C. 368 (2) (61 S. E. 1073). The ruling in Cobb v. State, 76 Ga. 664, relied on by the State, is obiter dictum and therefore not binding as a precedent on this court. It appears from the decision in that case that there was no sufficient assignment of error on the charge complained of. Therefore, the question as to whether the charge was error was not presented to the court, and it was unnecessary for the court to pass upon that question. The decision in Birdsong v. State, 120 Ga. 850 (48 S. E. 329), is based upon the obiter dictum of the Cobb case, supra. Moreover, the facts of the Cobb and Birdsong cases distinguish those cases from this case. In our opinion the charge excepted to in this case was error prejudicial to the accused. To construe the statute otherwise, would in effect be denying the defendant upon his trial due process of law. Manley v. State of Georgia, 279 U. S. 1 (49 Sup. Ct. 215, 73 L. ed. 575).

Ground 5 of the motion for new trial assigns error on another excerpt from the charge. In charging on the impeachment of witnesses, the court said: "And if you believe that when a witness has been successfully impeached, why then it would be your duty to discard the evidence of such witness, but it is for you to say whether or not you will believe the witness sought to be impeached or the witness brought to impeach him." It appears from the ground that the only witness sought to be impeached was James McFadden, convicted thief in the felony case, and the main wit-

ness against the defendant in this case. The witness introduced to impeach him was Herbert Elliott, who testified that McFadden had told him that the defendant in this case did not know that the tires were stolen when he bought them. And McFadden from the witness stand admitted that Elliott's testimony was true. Therefore, the court's charge injected into the trial an issue that was not in it, as to whether the jury should believe McFadden or Elliott, when there was no conflict between their testimony. The charge was necessarily confusing to the jury, and under the facts of the case, requires a new trial.

The remaining special ground is without merit; and the general grounds are not now considered.

*Judgment reversed. Gardner, J., concurs. MacIntyre, J., dissents.*