30272. WREN *v.* THE STATE.

DECIDED JANUARY 13, 1944.

C. *Wesley Killebrew,* for plaintiff in error.
*George Hains, solicitor-general, Maud Saunders,* contra.

GARDNER, J. The only assignment of error urged is contained in a special ground of the motion for new trial excepting to the charge of the court. Able counsel for the plaintiff in error, in his argument specifically states that this is the "question to be determined." We agree that this is true, for the reason that the evidence overwhelmingly established the guilt of the accused, so far as any other assignment of error is concerned. This is the charge complained of: "So that, gentlemen of the jury, I charge you that there are three things necessary and which must concur in this case

before there can be a conviction. It must appear that the tires described in the indictment were stolen by some one; if you don't believe that, then the defendant should be acquitted. In the second place, that the tires described in this bill of indictment were the tires and goods that were stolen; and third, that the defendant knew at the time he received them, if he did receive them, that they were stolen, or if he had reason to believe that they were stolen at the time he received them; then, if all those things concur, and you so believe beyond a reasonable doubt, he is guilty of receiving stolen goods." The defendant contends that that portion of the charge, "or if he had reason to believe that they were stolen at the time he received them, then, if all those things concur and you so believe beyond a reasonable doubt, he is guilty of receiving stolen goods," did not in any way charge the jury what would be necessary for a person to have " 'reason to believe that they were stolen,' such as the defendant's conduct and behaviour, the character of the person from whom he received the goods, the kind of goods and the hour received, nor did the court charge that the circumstances surrounding the transaction would have to excite suspicion in the mind of an ordinarily prudent man, thereby leaving it entirely in the hands of the jury to determine without a charge of law on what would be necessary to show that the defendant 'had reason to believe.' "

It is contended that this case is controlled by the decision of this court in *Von Sprecken* v. *State,* 70 *Ga. App.* 222 (28 S. E. 2d, 341). The charge of the court in the *Von Sprecken* case is quite different from the charge excepted to in the instant case. In that case the court charged: "If the circumstances were such as to lead a reasonable man to believe that they were stolen, then he would be guilty of the crime charged in this bill of indictment." Whereas, in the instant case the court charged: "Or if he [the defendant] had reason to believe that the goods were stolen at the time he received them . . he is guilty." To put it differently, in the former case the court instructed the jury to measure Von Sprecken under all the facts and circumstances of the case, as a reasonable man, whereas, in the instant case the court instructed the jury to measure the defendant, under all the facts and circumstances surrounding him, according to his own limitations and not in any sense under a general rule. This court, in the *Von Sprecken* case, endeavored to set forth plainly the distinction which we here again

endeavor to make plain. The defendant does not contend that the charge excepted to was erroneous. The extent of his exception is that the court did not go further and call to the attention of the jury the character of evidence necessary to charge the defendant with knowledge that the goods were stolen when there is no evidence to show actual knowledge. Where error is assigned upon a correct principle of law given in charge, and the exception to it is that it does not go further and elaborate in more detail additional principles applicable to the evidence, such is not reversible error in the absence of a written request to charge more specifically. In several grounds of the motion for a new trial, after quoting excerpts from the charge of the court, movant complains that the court did not charge other principles of law. It has been repeatedly ruled that this is not cause for the grant of a new trial. If other principles of law appropriate to the case had been desired by the accused, a proper written request therefor should have been presented to the court. *Davis* v. *State*, 153 *Ga.* 154 (4) (112 S. E. 280). It might not be amiss in this connection and in conclusion to set forth a portion of the defendant's statement: "It was along about midnight. They stopped the car and put on the dimmers, and one of them jumped out, and I thought something funny; he opened the back of the car and turned a flash light on some tires and showed them to Johnny, and Johnny wanted me to look at them, and I said, 'Johnny, you don't want to fool with them, they are second tires, and so we went back to my place and these boys followed. They come on back there and they said, 'How much will you give us for the four tires?' Johnny said, 'I wouldn't give you fifty cents.' And they asked me, said, 'How much will you give me for them?' And I said, 'No, those tires are stolen.' He said, 'No, no, they are not stolen—they are off my car.' That was the big fellow, Dan Roberson. I said, 'Where is your car?' He said, 'Wrecked down the road and tore it all to pieces, and I taken these off it,' and the tires did look pretty good and that sounded reasonable, and so they talked and talked and convinced me that he had really wrecked his car. Well I agreed finally to give them sixty dollars for them, which is not a stolen-tire price; it was pretty good money for any second-hand tires, five of them. If I was going to buy stolen tires I don't think I would want to put this much money in it. Anyway, I gave them the money and they left, and

about two weeks or fifteen days later they came back, and a peculiar thing, the very night they came back—it was late in the evening, it was about dusk,—there was a fellow, friend of mine working out at camp named Rogers who had been after me for tires, and I had these tires, and I didn't know whether they were stolen or not, and I was afraid to sell them, so he come to me and got me to sell him two of the tires. I sold him two of the tires, and that same night these two boys—not Phillips—this Roberson and another fellow, and wanted to sell me some more tires, and I said, 'No, boys, no more tires, I am scared,' and finally he said he didn't have no place to leave them, and asked me to just let him put them in my cabin for one night, and I agreed to that, and after that he come to the store and begged me to let him have a $35 loan the following day. The next day instead of getting the tires he come in for more money, and he got four more dollars, and he said he would pay me the next day, and I, like a monkey, went and give him four more dollars. He didn't see me, but he contacted my brother and got five gallons of gas and a quart of oil—he didn't fill it up—no such thing that I said he could get anything from my place. I never bought but one set, and that was not Mr. Ludwig's, Mr. Ludwig's was merely a loan." The tires for which the defendant was convicted were those belonging to Ludwig.

The State's evidence showed conclusively that the defendant had not only received the Ludwig tires with actual knowledge that they were stolen, but other tires as well. The assignments of error are without merit. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*