31608. JOHNSON *v.* THE STATE.

DECIDED SEPTEMBER 3, 1947.

*Roy B. Rhodenhiser Jr., W. W. Daniel,* for plaintiff in error.

*Charles H. Garrett, Solicitor-General, William M. West,* contra.

MacINTYRE, P. J. This is a companion case to *Johnson v. State,* ante, 581, in which the defendant was convicted of burglary. In the instant case, John Alvin Johnson was indicted for assault with intent to murder and convicted of shooting at another. Both cases were tried before the same jury, at the same time, and on the same evidence. For a statement of the facts, see *Johnson v. State,* supra.

In the case now under consideration, the defendant made a motion for new trial based on the general and nine special grounds. The rulings of this court in *Johnson v. State,* supra, control all the special assignments of error in this case adversely to the defendant except those specifically mentioned in this opinion.

In special ground 2, the defendant contends that the court erred in failing to instruct the jury on the law of assault and battery. This ground is without merit.

The indictment alleged in part: "for that the said accused . . did then and there unlawfully and with force and arms, felonious, and with malice aforethought, with a weapon likely to produce death, made an assault upon Ernest Freeman Lester, hereinafter

referred to as the victim, and the said accused with said weapon, did then and there shoot, the said victim, with intent unlawfully, feloniously and with malice aforethought, to kill and murder the said victim."

In *Ridley* v. *State*, 53 *Ga. App.* 220 (185 S. E. 376), it is said: "In an indictment for assault with intent to murder, which fails to allege a beating, but alleges that the assault was made by shooting with a pistol, a weapon likely to produce death, the offense of assault or of battery is not involved, and it is not error for the judge to omit to instruct the jury on such principles of law." See, in this connection, *Gaither* v. *State*, 63 *Ga. App.* 414, 416 (11 S. E. 2d, 254).

■ In special ground 4, an elaboration of the general grounds, the defendant maintains by argument that the evidence fails to disclose that the defendant or anyone else shot at the prosecutor. On direct examination, the prosecutor testified in part: "When I say he, I refer to this defendant, James Alvin Johnson, this man here at the table. I know he is the man. Then he (defendant) told me, 'Don't shoot me.' He said he didn't have anything but a wrench. I had the gun held like that (indicating), and he said, 'Don't shoot me, I have not got anything but a wrench,' and I called my wife and told her to put in a call for the police, and as soon as she made the call before she could walk back to me the next thing I knew he was shooting the first shot and I was shot. The first shot he made hit the sink I was standing by and it hit me in the eye. It knocked me crazy and I managed to make one shot after he had shot me." On cross-examination the prosecutor testified: "When I first saw him he was further than 20 feet away. He walked up to the counter and stopped. Then, somebody shot at me, I saw it was the man in my place, the defendant." We are of the opinion that the evidence amply supports the verdict.

■ In special ground 8, the defendant contends that the trial judge erred in failing to charge the jury on the law of shooting another in self-defense.

The trial judge instructed the jury as follows: "If from the evidence and the defendant's statement you believe beyond a reasonable doubt that this defendant . . did shoot Ernest Freeman Lester, the person named in this indictment, by the intentional use of the weapon charged in the indictment, and further

believe that the shooting was not in self-defense, not justified, that it was not done under circumstances that would excite the fears of a reasonable person that an assault was about to be committed upon him by the one assaulted, should you believe that the shooting by the defendant was done not with the intent to kill but was intentional and was not justified, but was unlawful, then, in that event you would be authorized to find this defendant guilty of the offense of shooting at another. If you should have a reasonable doubt as to his guilt as to the offense of shooting at another, it would be your duty to acquit him, so far as that charge is concerned."

We think that the instructions of the court fairly and accurately covered the law of this subject. If any amplification of the general principles which the charge contained had been desired, they should have been made the subject of appropriate and timely written requests. This ground is not meritorious.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*