## 35416. ROWLAND *v.* THE STATE.

Decided November 23, 1954—Rehearing denied December 3, 1954.

*E. L. Rowland, Joe W. Rowland, J. Roy Rowland,* for plaintiff in error.

*W. W. Larsen, Solicitor-General,* contra.

GARDNER, P. J. While the bill of exceptions mentions one special ground, no special ground appears in the record. Also, both the defendant and the State make the following identical statements in their respective briefs: "The defendant filed a motion for a new trial on the general grounds, such motion was overruled and the defendant excepted." This court will therefore consider the special ground to which reference is made in the bill of exceptions as being abandoned and proceed to deal with this case on the general grounds only. We have heretofore set out all the pertinent part of the evidence.

The defendant cites several cases to the effect that they constitute the offense of receiving stolen goods, and that the person receiving the goods must have knowledge that the goods were stolen at the time of receiving the goods. Those cases are *Von Sprecken* v. *State,* 70 *Ga. App.* 222 (28 S. E. 2d 341) and *Pat* v. *State,* 116 *Ga.* 92 (42 S. E. 389). Counsel also cites *Bird* v. *State,* 72 *Ga. App.* 843 (5) (35 S. E. 2d 483), wherein the same principle was announced and wherein this court reversed the conviction, using the following language: "Where the testimony did not show any knowledge on the part of the accused that the shirt had been stolen at the time he received it, *nor any circumstances from which the jury could do more than surmise the existence of such guilty knowledge on his part,* the verdict was, without evidence to support it and contrary to law, and the court erred in overruling the motion for new trial." (Italics ours). In *Von Sprecken* v. *State,* supra, that case was reversed on a special ground and therefore the court did not pass on the general

grounds. That case has no application to the instant case. In *Pat* v. *State*, supra, the court reversed the case upon a charge of the court regarding knowledge that goods were stolen at the time the goods were stolen. There is nothing in that case to indicate that the ruling there (the facts not being set forth in the opinion), should be controlling under the facts of the instant case. In *Bird* v. *State*, supra, apparently there were no circumstances from which the jury could do more than surmise the existence of guilty knowledge that the goods were stolen when received. In the instant case the circumstances were such that the jury were convinced that the defendant had knowledge that the goods were stolen when he received them. In *Arkwright* v. *State*, 57 *Ga. App.* 221 (194 S. E. 876), under the circumstances much weaker than in the instant case, this court affirmed the finding of the trial court, stating that the jury were authorized to deduce the knowledge on the part of the defendant at the time of receiving the stolen goods that the goods were stolen. The court in that case stated that guilt as to knowledge at the time of receiving stolen goods that the goods were stolen "may be inferred from circumstances," citing *Birdsong* v. *State*, 120 *Ga.* 850 (48 S. E. 329), and other cases. In the *Birdsong* case (quoting from *Cobb* v. *State*, 76 *Ga.* 666), the Supreme Court in affirming the conviction of the jury in the trial court stated: "The circumstances, the time, the secrecy, all the transactions before, at the time and afterwards, may be brought to bear upon what was the knowledge of the receiver; and if from all these the jury can conclude that the receiver did have good reason, as a reasonable person, to believe or suspect that the goods were stolen . . . knowledge may well be deduced from conduct and behavior . . ." This court is of the opinion that there is sufficient evidence that was given and circumstances to warrant the jury to find that the defendant had knowledge at the time the defendant received the stolen goods, that the goods were stolen.

The court did not err in denying the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*