35658.  STAFFINS *et al. v.* THE STATE.

DECIDED JUNE 1, 1955.

*Howard, Slaton & Holt,* for plaintiffs in error.
*Paul Webb, Solicitor-General, Charlie O. Murphy,* contra.

118

GARDNER, P. J. ■ Insofar as the general grounds are concerned, the evidence is sufficient to sustain the verdict, and the judgment of the trial court is affirmed as to the general grounds.

■ In the one special ground, the one excerpt from the charge of the court on which exceptions are made is as follows: "Knowledge is one of the essential elements of the crime of receiving stolen goods, and the proof, as shown by the State, must show to your satisfaction and beyond a reasonable doubt that the accused had knowledge of the alleged theft at the time it is alleged that such property was received by them, if such property was received by them; but I instruct you that knowledge may be inferred from surrounding facts and circumstances, if you determine the accused had knowledge that the goods were stolen, which may be inferred from circumstances which would excite an ordinarily prudent and reasonable man to suspect." Movant contends that the court erred in giving the excerpt of which complaint is made, in that the excerpt was error insofar as it stated an incorrect principle of law and established an incorrect standard for consideration by the jury in determining the question of guilt of the defendants; that it authorized the jury to find the defendants guilty if they received the stolen goods under circumstances which were sufficient to arouse the suspicion of an ordinarily prudent and reasonable man, although such circumstances might not be sufficient to excite similar suspicions in the minds of the defendants, and that the charge authorized the jury to base their verdict on an incorrect statement of the law, and was harmful and prejudicial to the movant. Counsel for the defendant call our attention to *Bird* v. *State*, 72 *Ga. App.* 843 (4, 5) (35 S. E. 2d 483) as follows: "Where one is charged with knowingly receiving stolen goods, and it is shown by the evidence that recently, after the commission of the offense, the stolen goods were found in the possession of the defendant, that 'fact alone would not authorize the jury to infer that the accused was guilty of receiving stolen goods knowingly unless he explained his possession to their satisfaction. Upon proof alone of recent possession of stolen goods, the law does not put the burden upon the possessor of stolen goods of proving that he was not guilty of receiving the goods knowingly, as is contended by the State. This rule, sought to be invoked by the State, would only apply to the sufficiency of the evidence which would author-

ize the jury to infer the guilt of the principal thief, McBride (the person who stole the goods), but would not apply to the sufficiency of the proof which would authorize an inference of the guilt of Bird (the person alleged to have knowingly received the stolen goods). *Suggs* v. *State*, 59 *Ga. App.* 394 (1 S. E. 2d 39); *Arkwright* v. *State*, 57 *Ga. App.* 221 (194 S. E. 876); *Ford* v. *State*, supra.

"Where the testimony did not show any knowledge on the part of the accused that the shirt had been stolen at the time he received it, nor any circumstances from which the jury could do more than surmise the existence of such guilty knowledge on his part, the verdict was without evidence to support it and contrary to law, and the court erred in overruling the motion for a new trial. See *Birdsong* v. *State*, 120 *Ga.* 850 (48 S. E. 329); *Williams* v. *State*, 16 *Ga. App.* 698 (85 S. E. 973)."

Counsel for the defendants, in connection with this same point, call our attention to *Austin* v. *State*, 89 *Ga. App.* 866 (81 S. E. 2d 508). It is contended that the words used in the charge of the court, "May be inferred from circumstances, which would excite an ordinarily prudent and reasonable man to suspect," were reversible error. It is further contended that the court has passed on the very question here being considered against the contentions of the State, and *Von Sprecken* v. *State*, 70 *Ga. App.* 222, 223 (28 S. E. 2d 341) is cited in support thereof, as follows: " 'I charge you, gentlemen of the jury, if you believe beyond a reasonable doubt that this defendant bought or received the goods set out and described in the bill of indictment in the way and manner that it is alleged and described in this indictment they were taken, and if you believe they were stolen . . . or if the circumstances were such as to lead a reasonable man to believe that they were stolen, then he would be guilty of the crime charged in this bill of indictment.' . . In Peterson *v.* United States, 213 Fed. 920 (where a somewhat similar charge was held to be error), the court said: 'Congress [in passing the statute] used the word "knowing", and defined the crime as the purchase of stolen property by one having knowledge of the theft. It might have denounced as a crime the receipt of stolen property under conditions sufficient to create a suspicion in the mind of a reasonable man, but it did not do so. The gist of the offense is

the actual state of the defendant's mind when he purchases the property, and not what, under like circumstances, might be the state of mind of some other person; the standard by which guilty knowledge is to be imputed is the defendant's mental attitude, and not that of the imaginary average man. . . The ultimate fact which the jury must find before a conviction is warranted is that the defendant had such knowledge; and knowledge is something more than a suspicion. Moreover, circumstances which would create a strong suspicion in the mind of one man might have little significance for another, and one is not to be convicted of a crime because he is of a less suspicious nature than the ordinary man, and where, therefore, he may have acted in entire good faith in the face of conditions which might have put another upon his guard.' "

We come next to consider whether or not the excerpt from the charge of the court to which exceptions are made herein, falls within the rule in *Von Sprecken* v. *State,* supra. The essential ingredients of the offense of receiving stolen goods under Code §§ 26-2620 and 26-2621, and *Suggs* v. *State,* 59 *Ga. App.* 394 (1 S. E. 2d 39), are: "(1) that the accused bought or received the goods, (2) that the goods had been stolen by some person other than the accused, (3) that at the time of so doing the accused knew the same had been stolen, (4) that in so doing he acted with criminal intent." It is conceded by counsel for the defendants that the first two essentials of this offense were proven. The remaining questions are whether or not the defendants received the cars knowing them to have been stolen, and whether or not they did so with criminal intent. See *Austin* v. *State,* supra. To determine this question, it will be necessary to consider whether the excerpt from the charge dealt with in special ground one is reversible error under the principles of law announced in *Von Sprecken* v. *State,* supra. Upon an analytical comparison of the charge in the *Von Sprecken* case with the charge in the instant case, we think it is evident that the excerpt from the charge in the instant case is not afflicted with the vice in the *Von Sprecken* case. In the *Von Sprecken* case the court charged that the accused was to be judged according to the judgment of a reasonable man, whereas the charge should have limited guilty knowledge to such knowledge as the defendant himself, according to his own

limitations, would possess, and not under a general rule. See *Wren* v. *State,* 70 *Ga. App.* 510 (28 S. E. 2d 782) ; *Jacobs* v. *State,* 71 *Ga. App.* 808 (32 S. E. 2d 403) ; *Austin* v. *State,* supra; and *Birdsong* v. *State,* 120 *Ga.* 850 (3) (48 S. E. 329). The assignment of error in this special ground is without merit. Here the court charged the jury in substance that knowledge was essential, and that this knowledge might be inferred from circumstances such as would alert a reasonable man that the goods were stolen. In the *Von Sprecken* case knowledge was not charged as an essential element of the crime, but the judge there substituted for this requirement "circumstances  .  .  .  such as to lead a reasonable man to believe they were stolen." Accordingly, the difference between the two cases is that, while here the essential element of knowledge that the goods were stolen was charged, together with the manner in which the jury might determine the fact, in the *Von Sprecken* case knowledge was not charged at all, but the trial court inadvertently substituted in lieu of this element of the offense the circumstances themselves which might or might not authorize the jury to draw the inference. The error assigned in this special ground is without merit.

*Judgment affirmed.   Townsend and Carlisle, JJ., concur.*