## 73361. WATSON v. THE STATE.
(352 SE2d 828)

SOGNIER, Judge.

Appellant was convicted of misdemeanor theft by taking and possession of tools for the commission of crimes, and he appeals.

1. Appellant contends that venue for the offense of possession of tools for the commission of crimes was in Laurens County, not in Pulaski County where he was tried. Appellant argues that the only evidence of possession of the keys (tools) for commission of crimes was that he was in possession of the keys in Laurens County at the time of his arrest. This contention is without merit.

Appellant, Frank Knight and Randolph Goolsby were charged jointly with the commission of the offenses of which appellant was convicted. The evidence established that two vending machines in Hawkinsville, Pulaski County, Georgia, were entered without the use of force and the money in the machines was taken without permission of the owners. Knight testified that the machines were opened with keys that appellant had in his possession. Knight testified further that when police stopped the three men in Dublin, Georgia, appellant gave him the keys and told him to hide them. The police observed Knight go around a nearby house and throw something down; they later recovered the keys from under a lawnmower by the house. One of the keys opened one of the two vending machines from which money had been stolen. Such evidence is sufficient to show that appellant possessed the keys in Hawkinsville, which is located in Pu-

laski County. Only slight evidence is sufficient to establish venue where there is no conflicting evidence. *Alderman v. State*, 241 Ga. 496, 509 (5) (246 SE2d 642) (1978); *Jones v. State*, 245 Ga. 592, 596 (2) (266 SE2d 201) (1980). Venue is a question to be decided by the jury and its decision will not be set aside as long as there is any evidence to support it. Id. We find the evidence sufficient to support a finding that appellant possessed the keys in Pulaski County.

2. Appellant contends the trial court erred by failing to give an adequate charge on venue. Appellant made no written request for a charge on venue. In its charge to the jury the court informed the jury that appellant was charged with committing the offenses in Pulaski County, Georgia, and further charged that the State was required to prove each essential element of the offenses charged beyond a reasonable doubt. After the court's charge appellant orally requested that the court give a specific charge on venue; the request was denied and appellant contends this was error. We do not agree.

"Where error is assigned upon a correct principle of law given in charge, and the exception to it is that it does not go further and elaborate in more detail additional principles applicable to the evidence, such is not reversible error in the absence of a *written* request to charge more specifically." (Emphasis supplied.) *Wren v. State*, 70 Ga. App. 510, 512 (28 SE2d 782) (1944). If any amplification of the general principles which the charge contained had been desired, it should have been made the subject of an appropriate and timely written request. *Johnson v. State*, 75 Ga. App. 586, 588 (3) (44 SE2d 139) (1947). Since appellant made no timely, written request for a specific charge on venue, we find no error in denial of his oral request for amplification of the court's general charge.

3. Appellant contends error in allowing the State to introduce evidence seized as a result of his arrest in Laurens County, because the arrest and search of appellant were without a warrant and did not fall within any exception authorizing a warrantless arrest and search of appellant.

Willie Barkley, a police officer in Dublin, Georgia, observed appellant and his two companions several times during the day of the thefts riding around in a car, and each time Barkley approached in his patrol car, the driver and occupants of the vehicle in which the three men were riding would look in the opposite direction. This, together with the fact that the area where the men were observed was a high drug area, aroused Barkley's suspicions, so he finally stopped the vehicle in which the men were riding. The driver got out of the car and approached Barkley; when the driver got out, appellant went to the porch of a nearby house, sat down, and put something in a box on the porch. Knight went around the house and threw some keys under a lawnmower. Barkley immediately ran a tag check by radio on the

vehicle occupied by the three men and found it was a vehicle stolen in Macon, Georgia. As soon as Barkley received this information over his radio, the men were arrested. Barkley then went onto the porch where appellant was sitting and retrieved a white sock containing $21.44 in change from the box appellant was attempting to conceal with his hand. About 30 minutes later Barkley returned to the scene with another officer and found the keys that Knight had thrown under the lawnmower. Appellant contends that because Barkley had no reason to stop the men, the arrest was illegal and the items found as a result of the arrest were inadmissible.

A police officer may in appropriate circumstances approach a person for the purpose of investigating possible criminal behavior even though there is no probable cause to make an arrest. *Terry v. Ohio*, 392 U. S. 1, 22 (88 SC 1868, 20 LE2d 889). It was this legitimate investigative function that Barkley was performing when he decided to approach the three men. Once Barkley determined that the car in which the men were riding was a stolen vehicle, he was authorized to arrest them for being in possession of stolen property. Thus, the fruits of a search (the sock) conducted pursuant to this legal arrest would be admissible at trial. *State v. Roberson*, 165 Ga. App. 727, 730 (2) (302 SE2d 591) (1983). In regard to the keys, defendants charged with crimes of possession may only claim the benefits of the exclusionary rule if their own Fourth Amendment rights have been violated. *United States v. Salvucci*, 448 U. S. 83 (100 SC 2547, 65 LE2d 619). Since the keys were found on property belonging to a person unknown to appellant his Fourth Amendment rights were not violated, and thus, he had no standing to contest seizure of the keys. Accordingly, the trial court did not err by admitting into evidence the items seized by Barkley.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 14, 1987.

*Mark W. Straughan*, for appellant.
*James L. Wiggins, District Attorney, James E. Turk, Assistant District Attorney*, for appellee.