## 73598. OVERSTREET v. THE STATE.
(357 SE2d 103)

SOGNIER, Judge.

Appellant appeals from her conviction of aggravated assault and aggravated battery.

1. Appellant contends the trial court erred by not merging the offenses of which she was found guilty for sentencing purposes. Since appellant also contends the trial court erred by denying her motion for a directed verdict of acquittal as to the offense of aggravated assault with intent to murder, and a recitation of the facts is necessary to dispose of both issues, we will consider these two enumerations of error together.

On the morning of January 21, 1985 appellant, the estranged wife of William Overstreet, called his mother and told her that she (appellant) was coming to Savannah from Alma to see William that afternoon, and if she found him with another woman, appellant would kill them both. Appellant and her two minor sons, Bobby and Johnny Banks, arrived at William Overstreet's trailer late that afternoon; appellant went to the trailer door and wanted to come in and talk to him. William was in the trailer with Judy Trevino, who had accompanied William when he stopped by his trailer to pick up some tools to fix a stove for Trevino's sister, as well as to check William's recorder for business calls. William did not want to talk to appellant and asked her three times to leave. Appellant finally returned to her car and Johnny Banks came to the door and asked William to talk to appellant. Johnny asked William to come to the car and pick up some items. William then walked outside and started for the car. Appellant

got out of the car and yelled at Johnny to "shoot him, kill him" or words to that effect. Johnny then shot William in the back and he fell to the ground face down. Johnny then ran up to William and pointed the gun at William's head; at the same time appellant came up and grabbed or pushed Johnny's hand away, causing a second shot fired by Johnny to go into the ground. Appellant immediately knelt down by William, told him she loved him and would do anything she could do to help him.

Appellant contends that under the holding in *Biddy v. State*, 138 Ga. App. 4, 6-7 (3) (225 SE2d 448) (1976) this was one transaction and she should only be sentenced for one offense. We agree. The aggravated battery occurred when Johnny first shot William, resulting in his total paralysis from the waist down. See OCGA § 16-5-24 (a). The State argues that the aggravated assault with intent to murder occurred after William Overstreet was shot and Banks ran up and pointed the gun at William Overstreet's head. While this may be a valid argument as to Bank's actions, it is not supported by the evidence insofar as appellant is concerned. The evidence is clear that appellant's actions in grabbing her son's hand and preventing him from shooting William Overstreet in the head probably saved his life. The indictment as to aggravated assault alleges that appellant aided, abetted, *advised* and *encouraged* her son to shoot William Overstreet. This occurred *prior* to the aggravated battery, and there is no evidence that *after* William was shot, appellant advised and encouraged her son to kill William; in fact, appellant prevented her son from doing so. Accordingly, we find that it was error to sentence appellant for both offenses, and the sentence as to aggravated assault must be set aside. We note that as a practical matter this will have no effect on appellant's sentence, since the court ordered that the sentences be served concurrently.

For the same reasons set forth above, the evidence does not support a finding that appellant committed an assault with intent to murder her husband. The State's theory of this case was that the assault occurred after the aggravated battery, and the evidence indicates that any intent appellant may have had to kill her husband *before* he was shot was abandoned immediately thereafter, when she prevented her son from shooting her husband a second time. Accordingly, the evidence was not sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), and it was error to deny appellant's motion for a directed verdict of acquittal as to the offense of aggravated assault with intent to murder. See *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. Appellant contends error in denial of her motion for a mistrial on three occasions when appellant alleges the State impermissibly

placed appellant's character in issue. Judy Trevino testified that when Johnny Banks came to the door of William Overstreet's trailer, Banks said something about William's "stuff" that was taken or stolen, and "if you'll come out to the car, I'll give it to you." Appellant's motion for a mistrial on the ground that such testimony placed appellant's character in issue was denied. Secondly, William Overstreet testified that his wife yelled something before he was shot about "GB or GBI, or something. I think it has to do with the case in Miami." Appellant's motion for a mistrial after this remark was also denied. Lastly, appellant contends error in allowing William Overstreet to testify that he married appellant while she was still married to another man, and denying her motion for a mistrial after such testimony.

The first two remarks set forth above did not place appellant's character in issue. The comment about property being stolen did not indicate that it was stolen by appellant, and the comment about the case in Miami did not indicate that it was a criminal case, or that it involved appellant. Even assuming, for the sake of argument only, that such testimony placed appellant's character in issue, the State is entitled to inform the jury of all circumstances surrounding commission of the crimes charged, and no error is committed by admitting such evidence as part of the res gestae even though it may incidentally have placed appellant's character in issue. *Chambers v. State*, 250 Ga. 856, 858 (2) (302 SE2d 86) (1983). As to the comment referring to appellant's bigamous marriage to William Overstreet, we agree that the comment placed appellant's character in issue and had no relevancy to any issue in the case. Nevertheless, under the circumstances here, we find any error in allowing such testimony to be harmless. The evidence of appellant's guilt of aggravated battery was overwhelming, and it was highly probable that any erroneous admission of such testimony did not contribute to the verdict in this case. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976); *Borden v. State*, 247 Ga. 477, 481 (4) (277 SE2d 9) (1981).

3. Appellant contends the trial court erred by denying her request for a continuance at the sentence hearing. The request was based on the fact that appellant's counsel at trial accepted a position in the district attorney's office after trial on the merits but prior to sentencing. Appellant's present counsel was then appointed to represent appellant, but stated he had no opportunity to speak with appellant because she was not returned from confinement in Camden County to Chatham County until the day before sentencing. Appellant's counsel at sentencing stated that he needed more time to subpoena witnesses and adequately present evidence in mitigation.

The record discloses that appellant's present counsel was appointed by the court on May 22, 1986. The order appointing counsel

notified him that appellant was confined and that he was required to contact appellant within 48 hours of his notification of appointment as counsel. The sentencing hearing was held on June 24, 1986, so counsel had more than a month in which to contact appellant and prepare for the sentencing hearing. The lack of preparation of new counsel is not alone a ground for continuance, *Cooper v. State*, 148 Ga. App. 301 (251 SE2d 157) (1978), and mere shortness of time for preparation by counsel does not ipso facto show a denial of the rights of an accused. *Standridge v. State*, 158 Ga. App. 482, 484 (2) (280 SE2d 850) (1981). Since counsel had 32 days to prepare for the sentencing hearing we find no error in denial of appellant's motion for a continuance.

4. Appellant contends the trial court erred by questioning witnesses immediately after the prosecuting attorney completed his direct examination. Appellant made no objection to the court's questioning witnesses and this court will not consider questions raised for the first time on appeal. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985).

5. Appellant contends the trial court erred by denying her request for a copy of Johnny Banks' transcript from Juvenile Court for the purpose of impeaching Banks' testimony in this case. This enumeration of error has been decided adversely to appellant in *Smith v. State*, 154 Ga. App. 190, 192 (3) (267 SE2d 826) (1980).

6. At trial Johnny Banks testified that William came out of the trailer like a bull, started hitting appellant and went for a gun that was part of a belt buckle; therefore, Johnny shot William to protect his mother from death or grievous bodily harm. Appellant requested a charge, in substance, that Johnny's action was justified because he was acting in defense of himself or a third person (appellant) when he shot William, and such action was necessary to prevent death or grievous bodily harm to appellant. The court gave appellant's requested instruction verbatim. Appellant now contends the trial court erred by failing to instruct the jury in this regard that they must determine if *Johnny Banks'* belief that his mother was going to suffer death or grievous bodily harm was reasonable, rather than determining if appellant herself had such a belief. Stated another way, appellant contends the court should have explained that if Banks acted in defense of appellant, the jury must determine if *Banks'* belief that his mother was going to suffer death or grievous bodily harm was reasonable. Appellant also argues the trial court should have charged the jury that the State must prove beyond a reasonable doubt that the defendant did *not* act in self-defense. These arguments are without merit.

Where error is assigned upon a correct principle of law given in charge (as was the case here), and the exception to it is that it does

not go further and elaborate in more detail additional principles applicable to the evidence, such is not reversible error in the absence of a written request to charge more specifically. *Wren v. State,* 70 Ga. App. 510, 512 (28 SE2d 782) (1944); *Watson v. State,* 181 Ga. App. 512 (352 SE2d 828) (1987). Appellant made no written request to the court to charge more specifically. Hence, there was no error.

*Judgment affirmed as to aggravated battery. Judgment reversed as to aggravated assault. McMurray, P. J., concurs. Beasley, J., concurs in Divisions 2, 3, 4, 6 and in judgment only in Divisions 1 and 5.*

DECIDED APRIL 9, 1987 —
REHEARING DENIED MAY 6, 1987.

*Michael G. Schiavone,* for appellant.
*Spencer Lawton, Jr., District Attorney, John E. Morse, Jr., Assistant District Attorney,* for appellee.