## GREENE *v.* GEORGIA

No. 96–5369.   Decided December 16, 1996

PER CURIAM.

Petitioner was convicted of murder, armed robbery, and aggravated assault by a jury in Taylor County, Georgia, and sentenced to death.   At trial, over petitioner's objection, the court excused for cause five jurors who expressed reservations about the death penalty.   The Supreme Court of Georgia affirmed, citing *Wainwright* v. *Witt*, 469 U. S. 412 (1985), as "controlling authority" for a rule that appellate courts must defer to trial courts' findings concerning juror bias. 266 Ga. 439, 440–442, 469 S. E. 2d 129, 134–135 (1996).

*Wainwright* v. *Witt*, *supra*, delineated the standard under the Sixth and Fourteenth Amendments for determining when a juror may be excused for cause because of his views on the death penalty: whether these views would "'prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath.'"   *Id.*, at 424.   Addressing petitioner's federal constitutional chal-

lenge to the juror disqualifications in this case, the Supreme Court of Georgia correctly recognized that *Witt* is "the controlling authority as to the death-penalty qualification of prospective jurors . . . ." 266 Ga., at 440, 469 S. E. 2d, at 134.*

*Witt* also held that, under 28 U. S. C. § 2254(d), federal courts must accord a presumption of correctness to state courts' findings of juror bias. 469 U. S., at 426–430. The Supreme Court of Georgia said that *Witt* was also "controlling authority" on this point, and it therefore ruled that "[t]he conclusion that a prospective juror is disqualified for bias is one that is based upon findings of demeanor and credibility which are peculiarly within the trial court's province and such findings are to be given deference by appellate courts. *Wainwright* v. *Witt*, [469 U. S.,] at 428." 266 Ga., at 441, 469 S. E. 2d, at 134–135.

*Witt* is not "controlling authority" as to the standard of review to be applied by state appellate courts reviewing trial courts' rulings on jury selection. *Witt* was a case arising on federal habeas, where deference to state-court findings is mandated by 28 U. S. C. § 2254(d). But this statute does not govern the standard of review of trial court findings by the Supreme Court of Georgia. There is no indication in that court's opinion that it viewed *Witt* as merely persuasive authority, or that the court intended to borrow or adopt the *Witt* standard of review for its own purposes. It believed itself bound by *Witt's* standard of review of trial court findings on jury-selection questions, and in so doing it was mistaken.

In a similar case involving a state court's mistaken view that the First Amendment required it to reach a particular result, we said: "We conclude that although the State of Ohio may as a matter of its own law privilege the press in the circumstances of this case, the First and Fourteenth Amendments do not require it to do so." *Zacchini* v. *Scripps-*

---

*We express no opinion as to the correctness of the Supreme Court of Georgia's application of the *Witt* standard in this case.

*Howard Broadcasting Co.,* 433 U. S. 562, 578–579 (1977). Here, too, the Supreme Court of Georgia is free to adopt the rule laid down in *Witt* for review of trial court findings in jury-selection cases, but it need not do so. The motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are therefore granted, the judgment of the Supreme Court of Georgia is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*