A04A0320. STANLEY v. THE STATE.
(601 SE2d 141)

BARNES, Judge.

Roosevelt Stanley appeals his conviction of voluntary manslaughter. He contends the evidence is not sufficient to sustain his conviction for this crime because the prosecution presented no evidence that he killed James Johnson in the heat of passion. Finding the evidence sufficient, we affirm.

The principles applicable to appellate review of a criminal conviction are stated in *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). Viewed in the light most favorable to the verdict, the evidence shows that on the day in question Stanley shot Johnson and killed him. Stanley is five feet ten inches tall and weighs 165 pounds; James Johnson was six feet two and one-half inches tall and weighed 374 pounds.

The men had a history of confrontations. Weeks earlier Johnson had attacked Stanley from the rear, pushed him down, and hit or kicked him. Then on another occasion Johnson grabbed Stanley and choked him.

On the day of the shooting, Stanley and Johnson had been drinking beer, cursing each other, and arguing. Once, Johnson grabbed Stanley from the back and pushed him to the floor. Later, Johnson knocked Stanley out of a chair and began choking him. When Johnson released Stanley, Stanley entered a bedroom, but Johnson followed him there and shoved him down on the floor. This happened twice that evening.

Then, Stanley took a gun from the bedroom, returned to the kitchen where Johnson was, and, despite pleas from Johnson's mother, shot him. From the physical evidence, Johnson was moving toward Stanley when he was shot. Before the shooting, a witness heard Stanley say, "I'm going to kill that motherf–r." When he was shot, Johnson was eating a hamburger.

Testifying in his own defense, Stanley admitted shooting Johnson, but asserted that he did so in self-defense, because he believed that Johnson would hurt him. Nevertheless, Stanley also testified that he just got tired of Johnson beating and jumping on him, and that Johnson did not injure him that evening and had not injured him previously, other than making his ribs sore. He said that he just wanted Johnson out of his house because he did not want Johnson to hurt him. Also, he admitted saying to himself that he was tired of Johnson pushing him around and that he cocked the pistol before he left the bedroom.

In this State,

[t]he doctrine of reasonable fear does not apply to any case of homicide where the danger apprehended is not urgent and pressing, or apparently so, at the time of the killing. . . . The law will not justify a killing for deliberate revenge however grievous the past wrong may have been. The defense of justification is not so broad as to permit a private citizen to mete out judgment as he sees fit.

(Citations and punctuation omitted.) *Pearson v. State*, 277 Ga. 813, 814 (1) (596 SE2d 582) (2004). Consequently, the evidence in this case fully supports the jury's decision to reject Stanley's claim of self-defense.

Further, the record contains ample evidence from which the jury could conclude that Stanley shot Johnson as a result of sudden, violent, and irresistible passion resulting from serious provocation.

See OCGA § 16-5-2 (a). An intentional homicide which is neither justifiable nor malicious is voluntary manslaughter, and the

> distinguishing characteristic between voluntary manslaughter and justifiable homicide is that the accused was so influenced and excited that he reacted passionately rather than simply to defend himself. Circumstances necessary to show voluntary manslaughter, as opposed to justifiable homicide, relate to a situation which arouses sudden passion in the person killing so that, rather than defending himself, he wilfully kills the attacker, albeit without malice aforethought, when it was not necessary for him to do so in order to protect himself. . . . The fear of some danger can be sufficient provocation to excite the passion necessary for voluntary manslaughter.

(Citations and punctuation omitted.) *Syms v. State,* 175 Ga. App. 179, 180 (1) (332 SE2d 689) (1985). Further,

> [t]he evidence here was in dispute as to whether [Stanley] shot [Johnson] with malice aforethought (since he was charged with murder), out of passion, or out of justification in self-defense. The resolution of this question depended heavily on the credibility of the witnesses, including [Stanley]. Decisions regarding credibility are exclusively for the jury. OCGA § 24-9-80; *Burnette v. State,* 165 Ga. App. 768, 769 (2) (302 SE2d 621) (1983). A rational trier of fact was authorized to find the elements of voluntary manslaughter beyond a reasonable doubt. *Syms,* supra; *Jackson v. Virginia,* 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

*Trenor v. State,* 178 Ga. App. 351, 353 (1) (343 SE2d 408) (1986).
*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JUNE 3, 2004.

*John A. Rumker,* for appellant.
*Richard E. Currie, District Attorney, Allen R. Knox, Assistant District Attorney,* for appellee.