Cesar PONCE, Petitioner–Appellant,

v.

Alice PAYNE, MICC Superintendent, Respondent–Appellee.

No. 06–36001.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 14, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Cesar Ponce, Clallam Bay, WA, pro se.

Paul Douglas Weisser, Esq., Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Washington state prisoner Cesar Ponce appeals *pro se* from the district court's

judgment denying his 28 U.S.C. § 2254 habeas corpus petition challenging his jury-trial convictions for first degree rape, first degree kidnaping, second degree assault and felony harassment. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We review *de novo* a district court's denial on the merits of a habeas corpus petition, *Beardslee v. Woodford,* 358 F.3d 560, 568 (9th Cir.2004), and we affirm.

Ponce contends that he was denied due process when the trial court failed to excuse a juror who allegedly was biased by Ponce's physical attack on the victim, his wife, in open court. This contention lacks merit because Ponce has failed to rebut the state court's presumptively correct finding that the challenged juror could serve fairly and impartially. *See* 28 U.S.C. § 2254(e)(1); *Greene v. Georgia,* 519 U.S. 145, 146, 117 S.Ct. 578, 136 L.Ed.2d 507 (1996) (per curiam) ("[F]ederal courts must accord a presumption of correctness to state courts' findings of juror bias."). Nor has Ponce demonstrated that the Washington Court of Appeals' rejection of his jury bias claim was contrary to, or an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1); *see also Williams v. Woodford,* 384 F.3d 567, 626 (9th Cir. 2004), *cert. denied,* 546 U.S. 934, 126 S.Ct. 419, 163 L.Ed.2d 319 (2005) ("The Sixth Amendment affords no relief when the defendant's own misconduct caused the alleged juror partiality and the trial judge employed reasonable means under the circumstances to preserve the trial's fairness."). Accordingly, we affirm the district court's denial of Ponce's habeas

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

corpus petition.[1]

To the extent Ponce's brief raises additional uncertified issues, we construe his arguments as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22-1(e); *see also Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999).

**AFFIRMED.**

---

1. The record belies Ponce's contention that the district court failed to conduct a proper *de novo* review before adopting the Magistrate Judge's Report and Recommendation.

