A09A0860. MURRAY v. THE STATE.
(677 SE2d 745)

BLACKBURN, Presiding Judge.

Following a jury trial, Timothy Lee Murray appeals his conviction on two counts of aggravated sexual battery,[1] arguing that the trial court erred in denying his motion for new trial in which he asserted a claim of ineffective assistance of counsel. Because evi-

---

[1] OCGA § 16-6-22.2 (b).

dence supported the trial court's finding that the ineffective assistance claim lacked merit, we affirm.

Construed in favor of the verdict, *Short v. State*,[2] the evidence shows that while staying at a friend's house, Murray entered a bedroom where two pre-teen girls were sleeping and put his hand or fingers into each girl's vagina. He threatened both girls with violence if they told others of this incident. Some weeks later, the girls finally told others of the incident, resulting in medical examinations and interviews with police investigators.

Indicted for rape and two counts of aggravated sexual battery,[3] Murray denied all charges. The jury acquitted him of the rape charge but found him guilty on the two counts of aggravated sexual battery. He moved for a new trial, asserting ineffective assistance of counsel. Following an evidentiary hearing in which Murray's trial counsel testified, the court denied the motion. Murray appeals.

To prove his claim of ineffective assistance, Murray was required to

> show that counsel's performance was deficient and that the deficiency so prejudiced [Murray] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [Murray] must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous.

(Citations omitted.) *Domingues v. State*.[4] We will address each alleged instance of ineffective assistance.

1. Murray first claims that his trial counsel erred in failing to object to the prosecutor's remark in the State's opening statement that "these little girls . . . are coming here seeking justice and safety and protection." Citing *Collier v. State*,[5] Murray maintains that this remark improperly commented on his punishment and future dangerousness.

Remarks that the victims are seeking justice (*Carr v. State*[6]), safety (*Hines v. State*[7]), or protection (*Hambrick v. State*[8]) are not

---

[2] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[3] Two additional counts of terroristic threats (OCGA § 16-11-37 (a)) and influencing witnesses (OCGA § 16-10-93 (a)) were later nol prossed by the State.

[4] *Domingues v. State*, 277 Ga. 373, 374 (2) (589 SE2d 102) (2003).

[5] *Collier v. State*, 266 Ga. App. 345, 351-355 (2) (596 SE2d 795) (2004).

[6] *Carr v. State*, 282 Ga. App. 199, 200 (2) (638 SE2d 348) (2006).

[7] *Hines v. State*, 246 Ga. App. 835, 837 (3) (541 SE2d 410) (2000).

[8] *Hambrick v. State*, 278 Ga. App. 768, 770 (3) (629 SE2d 442) (2006).

YALE LAW LIBRARY

improper comments upon the defendant's punishment or future dangerousness. Accordingly, trial counsel did not provide deficient performance in failing to object to same. See *Lupoe v. State*[9] ("the failure to pursue a futile objection does not amount to ineffective assistance") (punctuation omitted). Moreover, even if this were deficient performance, Murray has not shown that this single reference prejudiced his defense. See *Wyatt v. State*.[10] Compare *Williams v. State*[11] (improper remarks permeated entire closing argument).

2. Murray next claims that his counsel erred in failing to move for a mistrial when the court implicitly sustained counsel's objection to certain testimony from one victim's father. Specifically, the father testified, "I know he did it, because [my daughter] started crying. Because my daughter, she ain't going to tell no —." Murray's trial counsel immediately objected, and the judge responded by stating to the witness, "I'll ask you to listen to the question and answer only the questions she asks you." Murray complains that counsel, who moved for a mistrial the following morning, should have moved for a mistrial "in a timely manner" and should have renewed that motion after the court gave a limiting instruction.

Murray's argument on this matter is perplexing. Murray's counsel immediately objected, and the court implicitly sustained that objection by immediately instructing the witness to confine his answers to respond only to the question asked. Murray then took an additional step and the next morning moved the court for a mistrial for the witness's remarks. No party argued that the motion was untimely, and the court denied the motion on its merits (without regard to its timeliness), whereupon Murray's counsel then took the next step and requested a curative instruction that the jury disregard the nonresponsive remarks. The court agreed and gave the requested instruction. Because the court gave the requested instruction, counsel of course did not renew the motion for mistrial.

Thus, it would appear that counsel took all logical steps to object to the improper remarks. Murray's insistence that counsel should have also renewed the motion for mistrial would seem to be asking for an illogical step in light of the court's giving the requested instruction. Nevertheless, we note that even if counsel had renewed the motion for mistrial and even if the renewal had been denied, and further assuming Murray raised that denial on appeal, we would have upheld the court's ruling. The court did not abuse its discretion

---

[9] *Lupoe v. State*, 284 Ga. 576, 579 (3) (f) (669 SE2d 133) (2008).
[10] *Wyatt v. State*, 267 Ga. 860, 865 (2) (b) (485 SE2d 470) (1997).
[11] *Williams v. State*, 261 Ga. App. 511, 515-518 (3) (583 SE2d 172) (2003).

in giving a curative instruction to disregard the improper comments rather than granting a mistrial, and thus "renewing the motion would have been of no benefit to" Murray. *Freeman v. State*.[12] Accordingly, counsel's actions were not deficient and in any case did not prejudice Murray's defense. See *Hargett v. State*.[13]

3. Murray contends that his trial counsel erred in failing to object when the State "bolstered" the second victim's testimony on direct by eliciting from her that she made good grades in school. Setting aside whether such would constitute improper bolstering, we note that the record belies Murray's assertion. The record reflects only that the State elicited from the second victim that she received "better" grades than the first victim, not that she received "good" grades. Thus, the jury was not presented with testimony that those grades were "good" but only that they were better than the first victim's grades. We fail to discern any deficient, let alone prejudicial, performance by trial counsel in failing to object to this testimony on grounds of improper bolstering.

4. Murray argues that his trial counsel acted deficiently in failing to object to several remarks made during the State's closing argument. We will address each of those remarks.

(a) Murray first claims that his trial counsel failed to object to certain arguments about the prosecutor feeling nervous around police and disliking pelvic examinations. However, the record reflects that counsel indeed did object to this argument, and that the court sustained the objection, specifically admonishing the prosecutor "not to talk personally." In light of the court's curative action, a further motion for mistrial on this basis would have been futile. See *Kelley v. State*.[14] To the extent the prosecutor asked jurors if they remembered their own pelvic examinations, Murray's counsel objected to this remark as a violation of the "golden rule" doctrine and was sustained. A further motion for mistrial on this basis would also have been futile, as the argument did not invite the jurors to put themselves in the victim's place at the time the crime was committed, and therefore was not a violation of the "golden rule" doctrine in any case. See *Watson v. State*.[15]

(b) With regard to the mother of one of the victims (which mother signed a letter that she did not believe the sexual assault occurred), the prosecutor stated: "Very difficult to believe much of anything [this mother] says. I didn't have trouble believing that she

---

[12] *Freeman v. State*, 278 Ga. 349, 351 (2) (c) (603 SE2d 214) (2004).

[13] *Hargett v. State*, 285 Ga. 82, 86 (3) (e) (674 SE2d 261) (2009).

[14] *Kelley v. State*, 248 Ga. 133, 134 (1) (281 SE2d 589) (1981).

[15] *Watson v. State*, 278 Ga. 763, 775 (17) (604 SE2d 804) (2004).

couldn't read. I didn't have trouble believing that when she read through that letter." Murray maintains that his trial counsel erred in failing to move for a mistrial on the ground that this argument injected the prosecutor's personal beliefs into the case.

Assuming trial counsel's actions were deficient, we hold that Murray has failed to satisfy the prejudice prong of showing ineffective assistance. As in *Lloyd v. State*,[16] Murray argues that the outcome of his trial would have been different because the case would never have been submitted to the jury if his attorney had moved for a mistrial on this basis. But Murray

> cannot show that a mistrial was required. Whether to grant a mistrial for improper argument is a matter largely within the trial court's discretion. The trial court has other options, including the rebuke of counsel and providing curative instructions. Moreover, even when an objection to improper argument is sustained but a mistrial is denied, other action, including the giving of curative instructions, is not mandatory.

(Citations and punctuation omitted.) Id. Accordingly, as in *Lloyd*, we hold because Murray did not show the prejudice prong, the trial court did not clearly err in ruling against this claim of ineffective assistance.

(c) The prosecutor pointed out that Murray did not introduce into evidence a statement signed by a witness, even though Murray cross-examined the witness about that statement. "[T]hey didn't introduce it into evidence because they didn't want you to see it." Claiming that trial counsel should have objected to this argument, Murray nevertheless concedes that the case law is against him on this matter. See *Payton v. State*.[17] "It is not improper to comment on the failure of the defense to present evidence to rebut the State's evidence of guilt." *Greene v. State*.[18] We discern no reason to deviate from this well-established legal principle.

(d) The prosecutor argued that she was "struck at how much these girls are like Amelia Bedelia" in their mental functioning.[19] Contrary to Murray's contention, this statement was not objectionable as an attempt to vouch for the victims' credibility, but was

---

[16] *Lloyd v. State*, 280 Ga. 187, 192 (2) (d) (ii) (625 SE2d 771) (2006).

[17] *Payton v. State*, 177 Ga. App. 104, 106-107 (3) (338 SE2d 462) (1985).

[18] *Greene v. State*, 266 Ga. 439, 447 (19) (d) (469 SE2d 129) (1996), rev'd on other grounds, *Greene v. Georgia*, 519 U. S. 145 (117 SC 578, 136 LE2d 507) (1996).

[19] Amelia Bedelia is a character in a series of children's books about a simplistic maid who takes idiomatic expressions literally.

merely a proffered explanation for the children's somewhat confusing if not contradictory testimony. We discern no deficiency in trial counsel's failure to object.

(e) The prosecutor pointed to Murray's demeanor during the trial and asked the jury to "reflect on your observations of him as he was sitting here smiling as the girls were being cross-examined." Murray's counsel objected, and the court sustained the objection, instructing the prosecutor to "move on." Murray now claims that his trial counsel should have also moved for a mistrial.

Beyond the fact that Murray cannot show that a mistrial was required, see *Lloyd*, supra, 280 Ga. at 192 (2) (d) (ii), this closing argument comment was not objectionable in the first place. See *Laney v. State*[20] (prosecutor may argue that defendant "had a 'smirk' on his face during the trial"); *Greene*, supra, 266 Ga. at 447 (19) (d) ("prosecutor's comment on [defendant's] demeanor in the courtroom was not improper"). The trial court did not clearly err in finding that Murray failed to prove his claim of ineffective assistance in this respect.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED APRIL 17, 2009.

*Joseph S. Key*, for appellant.
*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.

---

[20] *Laney v. State*, 271 Ga. 194, 198 (10) (515 SE2d 610) (1999).