**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

April 30, 2025

# In the Court of Appeals of Georgia

A25A0481. HARRELL v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, LeCharles Harrell was convicted of aggravated child molestation and child molestation. He appeals the denial of his motion for new trial. He argues that trial counsel was ineffective and that the court plainly erred in failing to exclude the testimony of one of the alleged victims. We hold that Harrell has failed to establish both deficient performance and prejudice for any of his claims of ineffective assistance of counsel. And he has failed to meet the high burden of establishing plain error. So we affirm.

1. *Trial*

"Because this case involves questions of harmless error and prejudice under *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984), we set out the evidence in detail, rather than recounting it in the light most favorable to the jury's verdicts." *Hayes v. State*, 320 Ga. 505, 506 (1), n.3 (910 SE2d 198) (2024). So viewed, the record shows that Harrell was charged with committing acts against two victims, D. B. and A. W.

D. B. is Harrell's cousin. D. B. and her younger brother live with their aunt, and Harrell stayed with them occasionally. D. B. reported to the aunt that Harrell had touched her, had made her stroke his penis, and had put his penis in her mouth. She also reported the abuse to her younger brother.

The aunt was called to testify at Harrell's trial, but she repeatedly responded to the prosecutor's questions that she did not remember: she did not remember when Harrell stayed with her or how long he stayed at any given time; she remembered calling the police, but she did not remember why she called them or what she said to the officers; she did not remember D. B. making an outcry; and she did not remember telling the police that Harrell made D. B. stroke his penis and that he had placed his

penis in D. B.'s mouth. The aunt attempted to "plead the Fifth," and the trial court eventually allowed the prosecutor to treat her as a hostile witness.

D. B.'s younger brother was called to testify and said he did not remember his sister telling him about the abuse. He also testified that he did not remember giving a forensic interview, but a recording of the interview was played for the jury.

When D. B. was called to testify at trial, she said she did not want to talk about the abuse. But in a forensic interview that was recorded and played for the jury, D. B. reported that on multiple occasions, Harrell rubbed her chest and vaginal area, made her stroke his penis, and put his penis in her mouth.

The state called the other alleged victim, A. W., another cousin, to testify at trial. She answered the state's general background questions. But when the prosecutor began asking specific questions about Harrell's alleged abuse of her, A. W. responded only that she did not "want to talk about it." Shortly after she began testifying and while she was still seated in the witness stand, A. W. had a seizure. She was removed from the courtroom, and she remained unavailable when the state completed its case the next day, so she did not testify again and she was never subjected to cross-examination.

The trial court directed a verdict on the count naming A. W. as the victim. The jury returned guilty verdicts on the two remaining counts, which named D. B. as the victim. The trial court denied Harrell's motion for new trial, and this appeal followed.

2. *Effective assistance of counsel*

Harrell argues that he received constitutionally ineffective assistance of counsel in several respects and that the cumulative effect of trial counsel's deficiencies prejudiced him. To prevail on his ineffective assistance of counsel claims, Harrell "generally must show that counsel's performance was deficient, and that the deficient performance resulted in prejudice to [him]." *Jones v. State*, 319 Ga. 758, 763 (3) (906 SE2d 699) (2024) (citations and punctuation omitted). We hold that he has not carried "the substantial burden required of him under *Strickland* . . . for establishing" his ineffective assistance of counsel claims. *Jones*, 319 Ga. at 763 (3).

(a) *A. W.'s testimony*

Harrell argues that trial counsel performed deficiently by failing to raise a confrontation clause objection to the testimony of A. W. and by failing to move for a mistrial after she testified. We hold that he has not shown deficient performance.

To establish that trial counsel performed deficiently, Harrell

4

was required to show that trial counsel performed his duties in an objectively unreasonable way, considering all the circumstances and in the light of prevailing professional norms. Establishing deficient performance is no easy showing, as the law recognizes a strong presumption that counsel performed reasonably, and [Harrell] bore the burden of overcoming this presumption.

*Jones*, 319 Ga. at 763-764 (3) (citations and punctuation omitted).

At the motion for new trial hearing, trial counsel testified that after A. W. was removed from the courtroom, he and the prosecutor met with the judge in chambers and discussed how to proceed, including whether the trial court should give a curative instruction. Trial counsel "was of the mind that no attention should be brought on her testimony." He did not want the court to give a curative instruction, because he thought that could do more harm than good, since it was uncertain whether A. W. would return to testify at that point. He testified that he did not believe the situation rose to the level of a requiring a mistrial, because the trial court directed a verdict on the count involving A. W. the next day, once it was clear that A. W. would not return to complete her testimony.

Given that A. W.'s testimony was extremely brief, did not relate to the charges involving D. B., and, indeed, did not implicate Harrell in any wrongdoing whatsoever,

5

Harrell "has failed to show that [trial counsel's failure to object and move for a mistrial] was an unreasonable strategic decision that constituted deficient performance." *Hughes v. State*, 312 Ga. 149, 156 (2) (b) (861 SE2d 94) (2021).

(b) *Closing argument*

Harrell argues that trial counsel performed deficiently by failing to object to several aspects of the state's closing argument.

First, he asserts that trial counsel performed deficiently by failing to object when the prosecutor improperly referred to Harrell's future dangerousness by stating, "[T]he children in this family are not going to get protection from this man, unless I'm successful in presenting this case to you." We hold that the statement was not improper, so counsel did not perform deficiently by failing to object.

"Remarks that the victims are seeking justice, safety, or protection are not improper comments upon the defendant's punishment or future dangerousness." *Murray v. State*, 297 Ga. App. 571, 572-573 (1) (677 SE2d 745) (2009) (citations omitted). Moreover, "[c]losing arguments are judged in the context in which they are made. A prosecutor is granted wide latitude in the conduct of closing argument, the bounds of which are in the trial court's discretion. Within that wide latitude, a

6

prosecutor may comment upon and draw deductions from the evidence presented to the jury." *West v. State*, 369 Ga. App. 291, 293 (a) (893 SE2d 179) (2023) (citations and punctuation omitted).

Given the family members' reluctance to testify about Harrell's abuse of D. B. and about her outcry, the prosecutor's statement was a permissible deduction from the evidence. "Because the prosecutor's comment[ was] not improper, defense counsel did not render deficient performance by failing to object to [it]." Id. at 294 (a). See also *Sosebee v. State*, 190 Ga. App. 746, 747 (1) (380 SE2d 464) (1989) (asking jury not to "put the victim back into this trap" was not improper) (punctuation omitted).

Next Harrell points to trial counsel's failure to object to the prosecutor's comments in closing that "Pedophiles don't change. They'll do it again. They can only be stopped when we bring them to justice." He argues that this amounted to an impermissible comment on future dangerousness.

Trial counsel was not asked at the motion for new trial hearing about his failure to object to these particular statements. But he testified that he listens to the closing argument in context and as a whole; he watches the jurors to see how they react; and

he weighs these factors when deciding whether or not to object. "[I]n the absence of testimony to the contrary, counsel's actions are presumed strategic. And decisions regarding trial tactics and strategy may form the basis for an ineffectiveness claim only if they were so patently unreasonable that no competent attorney would have followed such a course." *Pierce v. State*, 319 Ga. 846, 865-866 (11) (a) (907 SE2d 281) (2024). "Particularly since the [s]tate's comments arguably [were not impermissible, see *Hamlette v. State*, 353 Ga. App. 640, 645-646 (2) (839 SE2d 161) (2020) (citations and punctuation omitted); *Anderson v. State*, 350 Ga. App. 369, 384-385 (4) (c) (iv) (829 SE2d 453) (2019) (citations and punctuation omitted)], we cannot say that [Harrell] has overcome the presumption that counsel's actions were strategic." *Parks v. State*, 281 Ga. App. 679, 683 (6) (637 SE2d 46) (2006). He has not shown that counsel's failure to object was "so patently unreasonable that no competent attorney would have followed such a course." *Pierce*, 319 Ga. at 865-866 (11) (a).

Finally, Harrell argues that trial counsel performed deficiently by failing to object to the prosecutor's references in closing argument to multiple victims, even though there was only one victim since the trial court had granted a directed verdict

on the count concerning A. W. We hold that pretermitting whether this failure to object amounted to deficient performance, Harrell has not shown prejudice.

"To show that he was prejudiced by counsel's deficient performance, a defendant must show that, but for the deficiency, there was a reasonable probability that the result of the trial would have been different." *Anderson v. State*, 319 Ga. 56, 64 (5) (b) (901 SE2d 543) (2024) (punctuation omitted). As detailed above, the trial court granted a directed verdict on the count of the indictment naming A. W. as the victim. The court instructed the jurors that they were not to consider that count, and the court redacted that count from the indictment before sending it out with jury. The court instructed the jury at the beginning of the trial and after the closing arguments that the parties' closing arguments are not evidence. Given these circumstances, Harrell has not shown that but for counsel's failure to object to the references to multiple victims, "there was a reasonable probability that the result of the trial would have been different." Id. (punctuation omitted).

(c) *Hearsay*

Harrell argues that trial counsel was ineffective for failing to object to hearsay testimony. Specifically, he points to the responding law enforcement officer's

9

testimony about what the aunt and the younger brother told him about D. B.'s outcry. He also points to the admission of the brother's recorded forensic interview. As detailed below, we hold that the officer's testimony and the forensic interview were admissible, given the aunt's and the brother's testimony that they did not remember what they had told the officer as well as the brother's testimony that he did not remember giving the interview. So trial counsel did not perform deficiently by failing to object.

Because the officer's testimony recounted what the aunt and the brother told him about what D. B. had reported to them, "each part of the combined statements [must] conform[ ] with an exception to the hearsay rule." OCGA § 24-8-805.

D. B.'s statements to her aunt and brother were admissible under OCGA § 24-8-820. That Code section provides:

> A statement made by a child younger than 16 years of age describing any act of sexual contact . . . performed with or on such child by another . . . . shall be admissible in evidence by the testimony of the person to whom made if the proponent of such statement provides notice to the adverse party prior to trial of the intention to use such out-of-court statement and such child testifies at the trial, . . . and, at the time of the testimony regarding the out-of-court statements, the person to whom the child

10

made such statement is subject to cross-examination regarding the out-of-court statements.

OCGA § 24-8-820 (a). All the conditions required by this Code section were met here. At the time of trial, D. B. was 15 years old, so she was younger than 16 years old when she earlier had made the statements. The state notified Harrell of its intention to use D. B.'s out-of-court statements. D. B. testified at trial. And the aunt and brother were subject to cross-examination.

The aunt's and brother's statements to the law enforcement officer are not hearsay. OCGA § 24-8-801 (d) (1) (A) provides that an out-of-court statement is not hearsay "if the declarant testifies at the trial or hearing, is subject to cross-examination concerning the statement, and the statement is admissible as a prior inconsistent statement or a prior consistent statement under Code Section 24-6-613 . . . ." "A witness's failure to remember making a statement may provide the foundation for offering extrinsic evidence to prove that the statement was made." *London v. State*, 308 Ga. 63, 67 (3) (a) (838 SE2d 768) (2020) (citations and punctuation omitted). In this case,"[t]he [s]tate laid the foundation for the admission of [the aunt's and the brother's] prior statements by giving [them] an opportunity to explain or deny the

statements, which [they] contended [they] could not recall. The statements were not inadmissible hearsay." Id. at 67 (3) (a). See also *Thompson v. State*, 304 Ga. 146, 151 (6) (816 SE2d 646) (2018) ("Given [a witness's] inconsistent testimony at trial and her convenient memory lapses about the portions of her conversation with the police that implicated Appellant, her earlier statements were not hearsay but rather were properly admitted as prior inconsistent statements."); *Murdock v. State*, 299 Ga. 177, 179-180 (4) (787 SE2d 184) (2016).

For the same reason, the brother's forensic interview was admissible, contrary to Harrell's argument otherwise. Because hearsay objections to the officer's testimony and the admission of the recording of the brother's forensic interview would have lacked merit, trial counsel did not perform deficiently by failing to make them. *Neloms v. State*, 313 Ga. 781, 789 (4) (b) (873 SE2d 125) (2022).

(d) *Cumulative effect*

Harrell argues that the cumulative effect of trial counsel's deficiencies prejudiced him. As detailed above, we hold that trial counsel did not perform deficiently by failing to raise a confrontation clause objection to the testimony of A. W. or by failing to move for a mistrial after she testified; by failing to object to what

12

Harrell characterizes as references to his future dangerousness; or by failing to object to the responding law enforcement officer's testimony about what the aunt and the brother told him about D. B.'s outcry or to the admission of the brother's recorded forensic interview. So even assuming, for purposes of Harrell's cumulative-effect argument, that trial counsel performed deficiently by failing to object to the prosecutor's references in closing argument to multiple victims, he has not shown cumulative prejudice entitling him to a new trial. The "cumulative prejudice analysis does not apply when, as here, there are not multiple errors to consider cumulatively." *Thomas v. State*, 311 Ga. 573, 579 (6) (858 SE2d 504) (2021).

3. *Plain error*

Harrell argues that the trial court plainly erred by failing to exclude the testimony of A. W. after he was deprived of the opportunity to cross-examine her. "To succeed on a plain-error claim, [Harrell] must demonstrate an error that was not affirmatively waived, that was clear and not open to reasonable dispute, that probably affected the outcome of his trial, and that seriously affected the fairness, integrity or public reputation of judicial proceedings." *Smith v. State*, 313 Ga. 584, 587 (872 SE2d 262) (2022) (citation and punctuation omitted). "An appellant must establish all four

elements of the test in order to demonstrate plain error, so satisfying this test is difficult, as it should be." *Sauder v. State*, 318 Ga. 791, 802-803 (5) (901 SE2d 124) (2024) (citation and punctuation omitted).

We hold that Harrell has not established that the failure to exclude A. W.'s testimony probably affected the outcome of his trial. As detailed above, the trial court granted a directed verdict on the count involving A. W., A. W.'s testimony did not concern the charges relating to D. B., and her testimony did not implicate Harrell in any wrongdoing whatsoever. Harrell has not established that the trial court plainly erred in failing to exclude A. W.'s testimony.

*Judgment affirmed. Hodges and Pipkin, JJ., concur.*